## Elliott F. Covell v. Julia Cole et al.

*Decree for specific performance: Defective title.* Where a party agrees to convey lands, and can only make title to an undivided interest, a complainant offering to pay a proportionate price, and to accept such undivided interest, may have specific performance therefor, unless there are peculiar equitable reasons to the contrary.

But the decree in such case must be confined to the undivided interest, and can not be made to require the future conveyance of the remainder.

*Pro confesso: Testimony: Decree: Costs.* Where a bill is taken as confessed on service of process, it is irregular in ordinary cases to take testimony to support it, and the costs of such testimony can not be charged against a defendant. Nor can a decree in such case be based on anything not alleged in the bill, either originally or by way of amendment.

*Purchase money: Interest.* Where a complainant is decreed rent for premises not delivered him according to agreement, he can not be relieved from interest on unpaid purchase money.

*Heard October 26th. Decided November 2d.*

Appeal in Chancery from Kent Circuit.

The bill in this cause was filed to enforce the specific performance of a contract for the sale of certain lands.

A demurrer to the bill was filed by the two principal defendants, and which was overruled. The bill was taken as confessed, as to the remainder of defendants.

The court below rendered a decree that defendant convey to complainant an undivided two-thirds of the premises contracted for, and that they procure for him a perfect title for the remaining one-third.

The facts are stated in the opinion.

*T. Romeyn,* for appellants.

1. The agreement was to sell an entire property for one consideration. The parties are unable to make a title to the whole; and they can make no title to any distinct and divisible portion.

Equity will not compel a purchaser to take, nor a vendor to convey, undivided interests in a case like this free from all fraud.—2 *Bro. C. C.* 118; 3 *Sim.* 29.

If the purchaser can not be compelled to take, neither can the vendor be compelled to convey such undivided interest, when he appears to have made the contract in ignorance of the extent of his title.

2.  Both the parties, at the time of the agreement, knew that the title was imperfect, and both were aware that the title was to be made under the will of a third person.

When that will was procured, it was first discovered that there was no title to one-third, and this was communicated to the defendants.   No fraud is suggested or inferrible. Now, to compel the parties to convey two-thirds, and get payment for but that proportion, would defeat the probable object which they had in view in selling, and would involve great hardship.

The granting of this relief depends upon a temperate consideration of the facts in each case.—10  *Ves.* 319.

3.  According to the terms of the contract, the defendants were not to convey until the title was perfected.  This has not yet been done, and, therefore, they are not yet in default.

4.  This was a case of mistake.  The interest to be conveyed did not exsist.   The defendants had no title to one-third of the premises; and the complainant could not have been compelled to accept the two-thirds, neither can he compel the conveyance to him of such partial interest.

There is an evident distinction between this class of cases and those where a party, knowing the limitations of his title, chooses to contract for the conveyance of a greater estate.—10  *Ves.* 316;  *Story's Eq.* §§ 141–143;  1  *Scho. and Lef.* 13;  8  *Paige,* 312.

It is unreasonable to suppose that the defendants would have made this agreement if they had understood the true state of the title; and the court will not decree specific performance, unless it is clearly satisfied that the agreement embodies the real understanding of the parties.—15  *Mich.* 388.

5. In any view of this case, the present decree is inequitable and oppressive.

The defendants are to receive payment for two-thirds, and to surrender the possession of the other third; and the complainant is to be allowed the rent of the whole, while he pays for a part.

*George Gray*, for appellee.

A purchaser who has contracted for the whole estate, without notice, that the vendor has not or can not get the whole, is entitled to such interest or quantity as the vendor can convey, with compensation or reduction for the balance. 2 *White & Tudor's Eq. cases, part 2d, pp.* 24, 35; 16 *Vesey, Jr. (Sumner's ed.)* 1, 390; 10 *Id.* 292; 17 *Id.* 394; 9 *Johns.* 450; 3 *Sanford's Chy.* 613; 1 *Hare (Eng. Chy.)*, 26; 3 *Beavan*, 123; *Adams' Eq. marginal page* 91; 2 *Pars. on Cont.* 540, 558; *Story's Eq. Jur.* § 779; 8 *Blackford*, 146; 34 *Ala.* 633; 6 *Wis.* 127.

Complainant having made a tender of the money to be paid down, and kept such tender good, is entitled to rents and profits from the time he should have received possession, and should pay interest from same time on portion not tendered.— 2 *White & Tudor's Eq. cases*, 16, 17; *Adam's Eq. margin* (68).

CAMPBELL J.

Complainant filed his bill for specific performance of a contract made by the defendants Cole and Moseley, to convey certain property at Grand Rapids to himself and one Rogers, who has assigned his interest to complainant. The bill was taken as confessed.

The case made, is in substance that Cole and Moseley agreed to make title to the premises as soon as possible, and within a specified time deliver up possession. It was then supposed the only thing required to make the title perfect was the probate of a will, under which defendants had

received an executors' deed.    It afterwards turned out that only two-thirds of the title vested by that deed, the remainder being outstanding, and no contract or other interest existing in the defendants for that third.    Complainant and Rogers desired possession on the appointed day, but were put off on some pretext, and Moseley subsequently conveyed his interest to the defendant Young, who is charged with notice.    Complainant desires a performance as to the two-thirds, if the remainder is not attainable.    There are some questions about incumbrances, which are not very material to be considered now.

There was some testimony taken, but the bill has not been amended, and any relief granted must be confined to such as is warranted by the bill itself.    This testimony should not have been introduced.

We think complainant was entitled, under all the circumstances, to waive the full performance, and require a performance so far as in defendant's power.    This right on the part of a complainant, to waive a part of his rights, has been recognized frequently in such cases, and a court may permit it where no injustice will result therefrom.    But it can not be allowed where it puts the defendant, without fault, in an unjust and unexpected position.    It was claimed that such would be the result here.    But we can see nothing that satisfies us that any such injustice would result. The defendant Moseley, assuming, as we must in this case assume, that the bill is true, disposed of all his interest to Lena Young, and the other defendant does not appear to have been unwilling to sell out.    We can see no good reason for supposing they would not have sold out had they known their title to have been imperfect, nor can they be legally injured by being compelled to convey it on proportionate terms.    The decree, so far as relates to the conveyance of an undivided two-thirds, is correct.

But there are other particulars in which it cannot be sustained.    Complainant shows by his bill that defendants

COVELL *v.* COLE ET AL.

have no title to the remaining third, and does not show that they have any means of obtaining it. It would be unjust and unauthorized, when he has filed his bill on this theory, to compel them to purchase the remainder. He must make his election; and we can not grant a decree which may turn out to be impossible of performance. The part of the decree compelling this is wrong. So he should not have been decreed full possession of the premises when he is only entitled to a right in two-thirds.

The decree is also inequitable in allowing complainant rent while exempting him from the payment of interest on the cash payment. It is equitable to allow him rent at the rate stated in the bill, but he should pay interest, if this is done, on his purchase money. And, as the bill was taken as confessed, there is nothing on which to base the increase of rent from three hundred and twenty dollars to four hundred dollars.

The decree must be so modified as to confine its operation to the undivided two-thirds of the premises, and to confine the possession to that proportion. The rents are to be allowed to complainant on two-thirds of the property at the rate of three hundred and twenty dollars per annum, for the whole, and the cash, as well as other payments, must be made to bear interest from the time when the allowance of rents begins, as set forth in the decree.

The defendants Cole and Moseley should be allowed their costs of the appeal. But the costs of the court below should be allowed to complainant, as he was entitled to relief, although not all the relief for which he saw fit to take his decree. But he is entitled to no costs below, except such as are allowable on an ordinary case where the bill is taken as confessed.

In other respects the decree is to stand.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN CH. J. did not sit.