THOMAS McMAHON v. ANTHONY · ROONEY, AND THOMAS
J. HILLER, ADMINISTRATOR, ETC.

*Fraud—Bill to set aside judgment—Pleading—Decree pro confesso.*

1. Every man should be credited with an honest, rather than a dishonest, motive in any transaction not suspicious upon its face, or surrounded by such circumstances as would fairly lead an unprejudiced mind to the conclusion that a fraud was intended.

2. While it is not necessary to set out all of the details of an alleged fraud, yet the substance of the transaction, and its result, must be alleged (*Merrill v. Allen*, 38 Mich. 487), and some facts and circumstances from which fraud is fairly inferable must necessarily be alleged; citing *Tong v. Marvin*, 15 Mich. 60; *Wilson v. Eggleston*, 27 Id. 257.

3. A complainant who takes a *pro confesso* decree, upon the assumption that his bill contains such substantial allegations as entitle him to relief, proceeds at his peril, for, in such a case, the decree cannot be based upon anything not alleged in the bill, either originally or by way of amendment; citing *Covell v. Cole*, 16 Mich. 223.

4. Where a bill is filed by a creditor, whose claim has been allowed against the estate of a deceased person, to set aside the allowance of the claim of another creditor on the ground that it is fraudulent, and that its allowance was procured by fraud and collusion between the administrator and the claimant, and the bill fails to set out a single fact or circumstance from which the court can fairly infer fraud, and, so far as appears from the bill, all that the administrator did or failed to do may have been done or omitted by him with an entirely honest motive, and in the exercise of a fair discretion in the lawful execution of his trust, no relief can be granted to the complainant.

Appeal from Lenawee. (Lane, J.) Submitted October 7, 1892. Decided November 4, 1892.

Bill to set aside the allowance of a claim against the estate of a deceased person. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Fellows & Chandler,* for complainant.

DURAND, J.   The bill of complaint in this cause alleges that John Phillips, late of Lenawee county, died intestate on November 17, 1884, and that Thomas J. Hiller was shortly thereafter legally appointed administrator of his estate, and that he accepted the trust, and still acts as such administrator; that, among other claims presented to the commissioners for allowance, the complainant presented one for $1,132, and the defendant Anthony Rooney one for $1,130; that the commissioners allowed complainant's claim in part; that the administrator took an appeal to the circuit court for Lenawee county, and at the trial at the January, 1889, term of said court, complainant recovered a judgment for $700; that the administrator made a motion for a new trial, which was granted, and upon the second trial, which took place in April, 1889, complainant recovered a judgment for the sum of $1,105 against the estate.

The claim of the defendant Anthony Rooney was allowed by the commissioners at the sum of $625, from which decision, and at the request of complainant, the administrator, Hiller, took an appeal to the circuit court of said county, where the decision of the commissioners was affirmed. Complainant charges that the administrator did not give the matter proper attention; that he did not appear in the circuit to contest the claim; and that the complainant, when he heard of the action of the circuit court, had his attorney make and argue a motion for a new trial; which motion was opposed by defendant Rooney; that the administrator, at the argument of this motion, refused to consent that the court grant a new trial, and thereupon, after the argument, the court denied the motion. The bill of complaint also charges that the Rooney judgment was procured by fraud and collusion between the administrator and Rooney, and, to use the language of the bill,

that "the claim upon which the said judgment is based is founded on fraud, and nothing but fraud." The bill also charges that the estate is insolvent, and that, if the Rooney judgment is allowed to stand, the complainant will not realize more than 35 per cent. of the amount of his judgment.

The bill also states that on August 11, 1890, the administrator filed his final account as such administrator with the probate court, and that the final order on the account was made on October 13, 1890; that the complainant, by his attorney, appeared, and contested the allowance of the final account of the administrator; that on December 12, 1890, the administrator appealed from the decision of the probate court, in disallowing the final account of the administrator, to the circuit court for the county of Lenawee; that the matter came on to be heard in said circuit court on July 14, 1891, at which time the complainant, by his attorney, appeared, and contested the allowance of the said final account, and raised the question as to whether the court could not, in that proceeding, decide the question raised in the bill; but that the court held to the contrary, and, after hearing the argument of counsel and the admissions of the parties, the court took the case under advisement, and on July 22, 1891, decided said cause, and affirmed the decision of the probate court, and the administrator was given time in which to settle a bill of exceptions.

The foregoing is substantially all that the bill contains. The defendants appeared by their attorneys, but filed no answer, and their defaults were duly entered, and the bill taken as confessed against them.

The court refused to admit any testimony, and no proofs were taken by the complainant to substantiate or explain any portion of the charges of the bill; and at the hearing, after argument upon both sides, the court dismissed the bill for want of equity, but without costs.

From this decree the complainant appeals.

It is a noticeable' fact that there is nowhere set out in the bill a single fact or circumstance from which the court can fairly infer fraud. So far as appears from the bill, all that the administrator did, or failed to do, may have been done or omitted by him with an entirely honest motive, and in the exercise of a fair discretion in the lawful execution of his trust.

It is an established rule of law that every man shall be credited with an honest, rather than a dishonest, motive in any transaction not suspicious upon its face, or surrounded by such circumstances as would fairly lead an unprejudiced mind to the conclusion that a fraud was intended. We do not feel disposed to narrow this beneficent rule in this case. While it is not necessary to set out all the details of an alleged fraud, yet the substance of the transaction, and its result, must be alleged. *Merrill v. Allen*, 38 Mich. 487. Some facts and circumstances from which fraud is fairly inferable must necessarily be alleged. *Tong v. Marvin*, 15 Mich. 60; Story, Eq. Pl. § 252, and cases cited; *Wilson v. Eggleston*, 27 Mich. 257. The mere charge of fraud in a bill is not sufficient, unless based upon such alleged facts as will fairly lead to the inference that the result complained of was obtained by fraudulent means.

The contention of complainant that the lack of equity in the bill, if any, should have been pointed out in a timely manner by a demurrer, might, and probably would, be entitled to consideration if the defendants had answered or pleaded to the bill. This they did not do, and the complainant proceeded upon the assumption that the bill contained such substantial allegations as would entitle him to relief. When he did so, he proceeded at his peril, for in such a case the decree cannot be based on anything not

alleged in the bill, either originally or by way of amendment.    *Covell v. Cole*, 16 Mich. 223.

It would not be proper to discuss any inferences which might be drawn had the bill contained more substantial or definite allegations of fraud, and therefore, in affirming the decree dismissing the bill, it will be without prejudice to any future proceeding.

The decree must be affirmed, but without prejudice. As no defense or appearance has been entered in this Court by the defendants, no costs will be allowed.

The other Justices concurred.