ASHTON SALES, INC., *v.* ASHTON.

1. ACCOUNTING—FRAUD—CONSPIRACY—PLEADING.
   A plaintiff in suit for accounting was not entitled to a hearing on claimed fraud and conspiracy, where the bill of complaint alleged plaintiff had evidence that defendants conspired to defraud plaintiff by not using money sought to be recovered for purpose contemplated but failed to allege facts and circumstances constituting claimed fraud and conspiracy, since only a conclusion was pleaded.

2. EQUITY—PLEADING—HEARING—REFERENCE TO CIRCUIT COURT COMMISSIONER.
   It was not error for trial court to dismiss plaintiff's bill of complaint with prejudice, without hearing in court, where after hearing on reference before circuit court commissioner on accounting and commissioner's adverse finding and report thereon, no other relief was available to plaintiff under its prayer for relief.

3. ACCOUNTING — EXPENSE ACCOUNT — CONTRACTS FOR PERSONAL SERVICES.
   Uses which defendant had put money paid him by plaintiff on an expense account *held*, not to have been improper, but consistent with the spirit and intent of the contract relative to defendant's services as consultant on problems on engineering, design and sales, hence, finding that defendant was not liable to plaintiff for any part thereof was not error.

4. SAME—RETURN OF PROPERTY—DECREE.
   There was no occasion for provision in decree in suit for accounting that defendants should have been required to return

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Accounts and Accounting § 48.
[2] 19 Am Jur, Equity § 128.
[3] 1 Am Jur, Accounts and Accounting § 49.
[4] 1 Am Jur, Accounts and Accounting § 63.
[5] 14 Am Jur, Costs § 92.

to plaintiff certain property which had been used by defendants to entertain plaintiff's customers and prospects, where defendants testified property was not in their possession and their counsel announced plaintiff was welcome to it and plaintiff's counsel replied plaintiff did not want the property.

5. COSTS—BRIEFS.
   No costs are allowed appellees upon affirmance of decree, where they filed no brief.

Appeal from Wayne; Murphy (George B.), J. Submitted October 7, 1955. (Docket No. 56, Calendar No. 46,347.) Decided December 28, 1955.

Bill by Ashton Sales, Inc., a Michigan corporation, against George M. Ashton and John A. Denner for accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*McInerney & Swaby,* for plaintiff.

DETHMERS, J. Involved is a written contract by which plaintiff employed defendant Ashton as "consultant on problems in engineering, design and sales" in its business. Plaintiff agreed to pay Ashton "an expense account of $50 per week, which will be applied by him in good faith in relation to his work but for which he will not be required to give to the corporation a detailed accounting." Plaintiff made the $50 weekly payments to Ashton for 2 years, to a total of $5,100. Plaintiff then contended that Ashton had not used the money for its benefit, as required by the contract, and brought this suit for an accounting and recovery of the amount not so used. An order of reference to a circuit court commissioner was made and testimony taken before him touching Ashton's use of the $5,100 and the accounting thereof which plaintiff sought. The commissioner made findings of fact, conclusions of law, and a recommendation that plaintiff's bill of complaint be

dismissed. After plaintiff filed exceptions thereto and defendants moved to confirm and that a decree enter accordingly, a decree was entered dismissing the bill with prejudice. Plaintiff appeals.

Plaintiff's first 2 contentions are that a decree dismissing the bill should not have been entered on the record made before the commissioner on the accounting issue only without a hearing before the court on the question of fraud and conspiracy alleged in its bill of complaint, and, second, that for that reason its motion for a rehearing should have been granted. The bill avers that plaintiff has evidence that defendants conspired to defraud plaintiff by not using the $5,100 for the purpose contemplated by the contract but for their own use. It fails to allege facts and circumstances constituting the claimed fraud and conspiracy. This amounts to no more than pleading a conclusion. It is not sufficient to entitle plaintiff to a hearing on the claim of fraud and conspiracy. McMahon v. Rooney, 93 Mich 390; Schwab v. Mabley, 47 Mich 572. Furthermore, inasmuch as a hearing thereon could have been productive of no other relief and the plaintiff did not pray for other relief than that to which a favorable conclusion of the accounting might have shown plaintiff to be entitled, no purpose could have been served by taking further testimony than that taken on the accounting before the commissioner. No error was committed in this respect.

The rest of plaintiff's questions raised go to whether defendant Ashton accounted for all of the $5,100 paid to him as fully as required by the contract, whether he had the right to exercise his own discretion as to the uses to which the money might be put for plaintiff's benefit, and whether he was entitled to use it for entertainment of plaintiff's customers or prospects. We agree with the commissioner and the trial court that the answer should be

in the affirmative. The contract specified that defendant Ashton was not required to give plaintiff a detailed accounting. His proofs, scarcely rebutted by plaintiff, were to the effect that he had spent the entire $5,100 on engineering supplies and for promoting sales for plaintiff's benefit. In large measure his testimony in that respect was corroborated by other witnesses or documentary evidence. The provisions of the contract, its purpose, the nature of Ashton's work, and the testimony of plaintiff's president that other moneys had been expended with his approval for the entertainment of customers convince us that the uses to which Ashton put the money were not improper, but consistent with the spirit and intent of the contract.

Plaintiff urges that the decree should have required the return by defendants to plaintiff of certain property. It consisted of boats, an outboard motor, trailer, et cetera, which had been used by defendants for entertaining plaintiff's customers and prospects. The unrefuted testimony of defendants was that the property was not in their possession and their counsel announced at the hearing that plaintiff was welcome to take possession thereof at the place where located for the use of plaintiff's customers; counsel for plaintiff replied that plaintiff did not want the property. Under such circumstances there was no occasion for a decree requiring delivery of the property by defendants to plaintiff.

Affirmed. No costs, defendants having filed no brief.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.