REININK *v.* VAN LOOZENOORD.

1. PLEADING—FRAUD.
   A pleading which fails to allege facts and circumstances constituting the claimed fraud amounts to no more than pleading a conclusion and is not sufficient to entitle the party so pleading to a hearing on the claim of fraud.

2. FRAUD—EVIDENCE—RELIANCE ON MISREPRESENTATION.
   Defendants in suit for specific performance of a land contract who claimed defense of fraud failed to substantiate their claim, where the testimony failed to show they had relied upon the alleged misrepresentation as to amount of discount involved in an FHA loan.

3. SPECIFIC PERFORMANCE—MUTUALITY OF OBLIGATION.
   The fact that the remedy of specific performance is not available to one party is not a sufficient reason for refusing it to the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraud and Deceit § 244.
[2] 23 Am Jur, Fraud and Deceit §§ 141–144.
[3] 49 Am Jur, Specific Performance §§ 34–39.
[4] 49 Am Jur, Specific Performance § 92.
[5] 49 Am Jur, Specific Performance § 174.
  Specific performance: compensation or damages awarded purchaser for delay in conveyance of land. 74 ALR2d 1204.

other party, the rule of mutuality being satisfied if there
be mutuality of obligation.

4. Same—Land Contract—Payment of Purchase Price.

Plaintiff purchaser under a contract for the purchase of land
*held*, entitled to decree of specific performance conditioned
upon securing an FHA loan and payment of purchase price as
provided in the contract, where plaintiff had complied with
the terms of the contract insofar as he could without vendors'
co-operation in the matter of securing a loan.

5. Equity—Specific Performance—Damages.

A court of equity which has jurisdiction of a case for the
purpose of considering the matter of specific performance, has
jurisdiction to grant complete relief, including an award of
damages for the vendors' failure to perform.

Appeal from Kent; Hoffius (Stuart), J. Submitted
February 6, 1963. (Calendar No. 49, Docket No.
49,563.)   Decided May 9, 1963.

Bill by Ronald Jay Reinink against Eugene E. Van
Loozenoord, Jane Van Loozenoord, Robert G. Poter-
ack and Joyce M. Klukowski for specific performance
of land contract, and to set aside deed and award
damages. Bill dismissed. Plaintiff appeals. Re-
versed and remanded.

*Allaben & Massie (Keith A. Vander Weyden,* ot
counsel), for plaintiff.

Dethmers, J. This is a suit for specific perform-
ance of a written agreement for the sale of land.
From decree denying such relief and dismissing the
bill of complaint, plaintiff appeals.

Plaintiff is purchaser under his claimed contract
with the owners, defendants Van Loozenoord. De-
fendants Poterack and Klukowski, now defendants
Poterack by reason of their marriage since com-
mencement of this suit, claim to be purchasers under
another agreement which all defendants say was

made between them. Pursuant to the latter agreement, the Van Loozenoords have conveyed the property, by deed, to the Poteracks.

The only defense raised by the Van Loozenoords in their answer and at pretrial to this suit on the contract with plaintiff was that it was procured by fraud. In neither the answer nor the pretrial statement are facts and circumstances constituting the claimed fraud set forth.

"The bill avers that plaintiff has evidence that defendants conspired to defraud plaintiff by not using the $5,100 for the purpose contemplated by the contract but for their own use. It fails to allege facts and circumstances constituting the claimed fraud and conspiracy. This amounts to no more than pleading a conclusion. It is not sufficient to entitle plaintiff to a hearing on the claim of fraud and conspiracy. *McMahon* v. *Rooney*, 93 Mich 390; *Schwab* v. *Mabley*, 47 Mich 572." *Ashton Sales, Inc.*, v. *Ashton*, 344 Mich 300, 302.

The trial court erred, accordingly, in overruling plaintiff's objection, at the outset of trial, to the introduction of any testimony going to the question of fraud. Such testimony on the subject as defendants thereafter did offer fell short of establishing fraud on plaintiff's part. The trial judge stated, in his opinion, that he found no fraud. We agree. As for a claimed misrepresentation to Van Loozenoords by the realtor trying to close the deal between them and plaintiff that a Federal housing administration approved loan to plaintiff for purchase money would involve a 2% discount when, in reality, it would have been 3%, Mr. Van Loozenoord testified that he did not believe the statement when it was made because he and his wife had already learned from another realtor that it would be more. It was incumbent on them to prove their reliance upon the misrepresentation, if one was made. *Columbus Pipe*

& *Equipment Co.* v. *Sefansky,* 352 Mich 539. His testimony was to the contrary.

While defendants did not plead it, the trial judge's denial of specific performance appears, from his opinion, to have been predicated upon a finding that the contract was not mutually enforceable, because plaintiff's written offer to purchase the property for a specific price, accepted in writing by the Van Loozenoords, was conditioned on plaintiff's ability to obtain an FHA approved loan for part of the purchase money.

Undisputed proofs show that plaintiff paid the realtor who was handling the deal between him and the Van Loozenoords $500 as an earnest money deposit, that plaintiff applied to an insurance company for the requisite loan, paid it an application fee, made an FHA application and paid a fee therewith, and sold some of his stock to raise the money necessary for the down payment. An employee in the loan division of the insurance company testified that he considered plaintiff a good risk, that he would have recommended the loan to FHA and to his company, and that the standards of his company for the loan were met. A realtor testified that he had frequently dealt with said insurance company employee and that loans the latter had recommended always had been approved by FHA. Plaintiff's application for the loan was not processed beyond the initial stages because he was informed that the Van Loozenoords would not go through with the deal. At trial there was testimony that the loan was still available to plaintiff on the property. He testified that he was willing and ready to proceed therewith.

In considering whether a contract for the sale of land may be decreed to be specifically enforced, a distinction should be made between mutuality of remedy and mutuality of obligation. The early view was that specific performance would not be available

to one party unless that remedy was also available to the other party. 49 Am Jur, Specific Performance, § 35. In *Reo Motor Car Co.* v. *Young,* 209 Mich 578, that rule was rejected by this Court as presently having little force.

The modern view on mutuality of remedy is set out in 49 Am Jur, Specific Performance, § 35, as follows:

"According to the reasoning of modern authorities, the fact that the remedy of specific performance is not available to one party is not a sufficient reason for refusing it to the other party. * * * Following this view it has been held that the rule of mutuality is satisfied if the decree of specific performance operates effectively against both parties and gives to each the benefit of a mutual obligation. It is where the element of mutual obligation is lacking that equity will refuse to decree specific performance on the ground of want of mutuality of remedy. Thus, specific performance will not be granted where the complainant may at his option refuse to carry it out. But the mere fact that remedy by way of specific performance is not available to one party is not of itself sufficient to justify refusal of a decree."

2 Restatement of the Law of Contracts, § 372, pp 677, 678, states:

"(1) The fact that the remedy of specific enforcement is not available to one party is not a sufficient reason for refusing it to the other party."

Here there was a very considerable performance by plaintiff; he did all he could, without the needed cooperation by Van Loozenoords, to obtain the loan and meet the conditions and terms of the contract. The proofs are that he would have succeeded in procuring the loan and would have paid the full purchase price upon completion of the deal by the Van Loozenoords if the latter had signed papers as required by FHA. A decree for specific performance by them,

conditioned on plaintiff's securing the loan and paying the purchase price to those defendants, would have protected the latter and granted to each of the parties that to which they were entitled and upon which they had agreed under the contract. Such decree ought to have been entered. While the annotation at 5 ALR2d 287 cites holdings to the contrary, several others are cited in support. See *Gottlaub* v. *Cohen,* 139 NJ Eq 323 (51 A2d 254); *Nyder* v. *Champlin,* 401 Ill 317 (81 NE2d 923, 5 ALR2d 282); and *Langley* v. *Norris,* 141 Tex 405 (173 SW2d 454, 148 ALR 555).

In *Franko* v. *Olszewski,* 316 Mich 485, the parties entered into a written agreement for the sale of real estate, personal property and liquor licenses. It provided that if license transfers were not approved by the liquor control commission the agreement would be considered null and void and the deposit money would be returned. When plaintiff purchasers tendered full payment and demanded performance, defendants refused. Defendants had notified the commission that they had changed their minds about selling and did not want the application for license transfer to be granted. The nub of the decision in that case is to be found in syllabus 3, as follows:

"Specific performance of a contract for the sale of land, personalty thereon and for transfer of licenses for the sale of beer, wine or spirits for consumption on or off the premises will not be refused merely because the court cannot control the discretion of the liquor control commission in the matter of transferring the licenses, especially where contract merely required vendor to make application to the commission for transfers (PA 1933 [Ex Sess], No 8, § 17, as amended by PA 1937, No 281*)."

---

* See, currently, CL 1948, § 436.17, as amended (Stat Ann 1957 Rev and Stat Ann 1961 Cum Supp § 18.988).—REPORTER.

We think plaintiff was entitled to specific performance here, conditioned upon his payment of the purchase price as above stated.

Whether a valid contract was entered into between the 2 sets of defendants need not be determined here. The proofs show that, if so, it occurred subsequent to the creation of a valid and enforceable contract between plaintiff and the Van Loozenoords.

Plaintiff says that he was caused loss and damage by reason of Van Loozenoords' failure to perform. Having jurisdiction of the case to consider the matter of specific performance, the court could have taken jurisdiction to grant complete relief, including an award of damages. *Frank* v. *Coyle,* 310 Mich 14. It should have done so.

Decree reversed, with costs to plaintiff. The cause is remanded for determination of plaintiff's damages and entry of decree in accord herewith.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.