AMERICAN OIL COMPANY, a Maryland corporation, Plaintiff,

v.

Frank J. CAREY, a/k/a Frank Carey, Defendant.

Civ. A. No. 24518.

United States District Court
E. D. Michigan, S. D.

Nov. 3, 1965.

Thomas L. Munson, Addison E. Igleheart, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Donald William Sargent, Detroit, Mich., for defendant.

LEVIN, District Judge.

This is a suit for specific performance of an option contract for the sale of realty. Federal jurisdiction is based on diversity of citizenship. Plaintiff, American Oil Company, is a Maryland corporation with its principal offices in Chicago, Illinois; and defendant, Frank J. Carey, is a resident of Michigan.

Plaintiff owned a gasoline service station in Detroit which was scheduled to be demolished to make way for a service road for the Walter P. Chrysler Freeway. Defendant owned a tract of land (40′ x 100′) adjacent to plaintiff's service station and abutting on the proposed service road. American Oil desired to purchase the Carey parcel along with two other properties adjacent to the Carey property so that it could build a new gasoline station. The other parcels were of suf-

ficient size to construct a station, but the Carey parcel was necessary in order to provide access to the station from two thoroughfares.

On April 23, 1963, defendant executed an option to the plaintiff for the sale of this land for $25,000. American Oil timely accepted the option on July 22, 1963, but Carey refused the tender of acceptance. On October 22, 1963, American Oil tendered the full purchase price to Carey, who refused it on the ground that he wanted more money. American Oil then brought suit for specific performance.

The option contract provides, inter alia, that if plaintiff, after acceptance of the option but prior to the consummation, i. e., closing, of the sale, is

> unable to obtain proper zoning authorizations, ordinances and/or permits satisfactory to Purchaser from the proper authorities to conduct Purchaser's business upon said premises, * * * or if, pursuant to the soil tests as hereinafter provided, the soil or ground is not suitable for the construction of improvements for the conduct of Purchaser's business thereon, this option, or the contract arising by reason of the acceptance of this option, may, at the election of the Purchaser, become null and void * * *.

Defendant contends that specific enforcement of the sale should be denied because "in the Contract between the parties needful specifications are omitted as to the standards of plaintiff's business, zoning required, ordinances and permits satisfactory." He argues that "plaintiff could at any time rescind this Contract in their [sic] discretion, whim or caprice, and be released of any and all liability, leaving the defendant with no remedy whatever." Mutuality of obligation is said to be lacking.

██ The issue, then, is whether plaintiff's promise is illusory. So-called "satisfaction" provisions in a contract either involve the feelings, artistic taste, or sensibilities of the promisor, Gibson v. Cranage, 39 Mich. 49 (1878), or considerations of operative fitness, mechanical utility, or commercial value. Schliess v. City of Grand Rapids, 131 Mich. 52, 90 N.W. 700 (1902). In neither case may the promisor avoid the contract at his "whim." In the former, his decision must be genuine, and in the latter, it must be both genuine and reasonable. Holton v. Monarch Motor Car Company, 202 Mich. 271, 168 N.W. 539 (1918); Morehead Manufacturing Company v. Alaska Refrigerator Company, 203 Mich. 543, 170 N.W. 19 (1918); Isbell v. Anderson Carriage Company, 170 Mich. 304, 136 N.W. 457 (1912). These are jury issues, and his expression of dissatisfaction would not be controlling. Restatement, Contracts, § 265, comment a. Regardless of the applicable category, therefore, American Oil made a binding promise, and the contract is valid. The fact that the satisfaction clause pertains to acts by the party to be satisfied and not the other party is immaterial. 3A Corbin, Contracts § 644 (1960 ed.).

Actually, in this case, the contract provides for an objective standard and falls in the second category. The permits must be "satisfactory to purchaser * * * to conduct purchaser's business." Moreover, the defendant was aware of the character of the purchaser's business. American Oil's existing gasoline station was adjacent to Carey's property. The high value of Carey's land depended entirely on its location as a suitable site for a gasoline station. The specifications and permits required by American Oil were neither for an uncertain nature nor beyond the contemplation of the parties.

Carey relies on Blanchard v. Detroit, Lansing & Lake Michigan R. R. Company, 31 Mich. 43 (1875). The complainant had conveyed property to the railroad on the express condition that the railroad build a depot "suitable for the convenience of the public" and that trains regularly stop at the depot. One reason the court gave for denying specific performance was that it was unable to fashion a proper decree. The contract gave no indication of the shape, materials, cost, and

other essentials necessary to fulfill the condition. " * * * [T]he subjects of enforcement," the court said, must be "so delineated or indicated, either directly or by reference to something else, * * that the court can * * * proceed intelligently and practically in carrying into execution the very things agreed on and standing to be performed." 31 Mich. 53.

The Blanchard case presented questions different from the questions presented here. That case did not involve the issue of an illusory promise or the recission of a contract at the "whim" of a party. In fact, the court suggested that damages may lie in an action at law. The required performance or subject of enforcement in the instant suit, unlike Blanchard is certain and definite. There is no dispute as to what property is to be conveyed or the amount of the purchase price. The satisfaction clause is not part of plaintiff's performance but a condition precedent to its duty to perform. In cases such as this one, decreeing the conveyance of property is a traditional function of equity courts, and the facts present no difficulty in fashioning an appropriate decree.

▇ The facts in this case have been stipulated and indicate that American Oil has obtained the necessary permits, has tendered full payment, and stands ready to perform its contract. The Michigan courts in similar situations have held that specific performance is proper. Al-Oil, Inc. v. Pranger, 365 Mich. 46, 112 N.W.2d 99 (1961); Standard Oil Co. v. Murray, 214 Mich. 299, 183 N.W. 55 (1921).

▇ Carey also argues specific performance must be denied because there is no mutuality of remedy. The cases cited by Carey have been overruled. Reinink v. Van Loozenoord, 370 Mich. 121, 121 N.W.2d 689 (1963). Mutuality of remedy is no longer required for specific performance in Michigan.

▇ On August 30, 1965, the court entered a decree for specific performance. Defendant moved for a rehearing and new trial on September 17, 1965.

Rule 59(b) of the Federal Rules of Civil Procedure provides that "a motion for a new trial shall be served not later than 10 days after the entry of judgment." Rule 6(b) provides that the court may not extend the time for making this motion. A motion for a rehearing is also subject to the time limitation set forth in Rule 59(b). Safeway Stores, Inc. v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782 (1943). Defendant's motion must be denied in accordance with Rule 59(b).

The court did not file an opinion at the time of issuance of the decree; hence this memorandum.