## CATSMAN *v.* EISTER.

1. CONTRACTS—AMBIGUITY—PAROL EVIDENCE.

   Parol evidence is admissible to explain the terms **of a written** contract which are ambiguous.

2. SAME—OPTION—CONSTRUCTION—PAROL EVIDENCE.

   Testimony by defendant that provision in 90-day option that all parties would make diligent effort to obtain rezoning of property and that in case of emergency the option would be extended to allow zoning was inserted to allow time for rezoning and that the time was to be a reasonable time *held,* to be sufficient to allow trial court to find that option had been timely exercised, although 90 days had expired, where plaintiff notified defendant that it accepted the offer, subject to rezoning, after 60 days, defendant informed city planning commission that he had no objection to rezoning at that time, defendant attended a meeting of planning commission at which rezoning was discussed and recommended more than 90 days after the option was given, and plaintiff accepted the offer unconditionally about 6 weeks after the hearing and 6 days before rezoning was approved.

3. SAME—PAYMENT—CONDITION SUBSEQUENT—OPTION.

   Payment is a condition subsequent, where the terms of an option merely require that notice be given of the exercise of the option and leave the matter of the payment of the purchase money to be thereafter settled as in the case of the ordinary executory contract of sale.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur 2d, Contracts § 240; 30 Am Jur 2d, Evidence §§ 1065, 1069.

[2]  46 Am Jur, Sales § 58; 30 Am Jur 2d, Evidence §§ 1023, 1069, 1070.

[3–5]  17 Am Jur 2d, Contracts §§ 32, 60, 61.

4. SAME—OPTION—ACCEPTANCE—TENDER OF PAYMENT.

 Tender of· payment of purchase price *held,* not to be essential
  to valid exercise of option which called for payment to be
  made in cash but did not require tender to accompany exercise
  of the option.

5. SAME—OPTION—ACCEPTANCE—WORDS AND PHRASES.

 Use of plural words "we" and "our" rather than singular "I"
  in letter accepting option in which the offeree having the
  right to accept was a single natural person *held,* a distinc-
  tion without a difference, meriting no consideration by Court
  of Appeals.

Appeal from Genesee; Papp (Elza H.), J. Sub-
mitted Division 2 May 3, 1967, at Lansing. (Docket
No. 2,191.) Decided December 1, 1967. Leave to
appeal denied January 30, 1968. See 380 Mich 753.

·Complaint by Samuel M. Catsman against Charles
G. Eister for specific performance of an agreement
to convey real property. Judgment for plaintiff.
Defendant appeals. Affirmed.

 *Robert J. White,* for plaintiff.

 *Jerome F. O'Rourke,* for defendant.

LESINSKI, C. J. Defendant appeals from a judg-
ment below which ordered specific performance of
an agreement to convey certain described real prop-
erty to plaintiff.

·Plaintiff, as prospective buyer, and defendant, as
prospective seller, executed a 60-day option for the
purchase and conveyance of the land in controversy
on September 16, 1965. The purchase price was
stated as $50,000 payable in cash. On September
30, 1965, a successor option was given. The price
and payment terms remained the same. However,

this second option was for 90 days and contained
the following additional language:

"Diligent effort will be made by all parties to
zone the property for the use of the ultimate pur-
chaser. In the case of an emergency, this option
will be expended to allow such zoning."[1]

The vice-president of plaintiff's company, one
Joseph N. Grady, acting as plaintiff's agent, advised
the defendant on November 29, 1965, in the latter's
office, of plaintiff's intention to exercise the option.
Mr. Grady then dictated, and defendant signed, the
following letter to the Industrial Mutual Associa-
tion:

"This will confirm the fact that I have been notified
of the intention of the Catsman Realty Company
to exercise their option for the purchase of some
6 acres of land at the intersection of Averill avenue
and Lapeer road, according to an option granted
September 30, 1965, subject to the rezoning by the
Flint planning commission."

A second letter on the same date, similarly dic-
tated and signed, was sent to the Flint Planning
Commission. It indicated that the defendant had
no objection to a rezoning of the property.

Defendant attended the January 11, 1966 meeting
of the planning commission at which the rezoning
was discussed and recommended.[2] The petition for
rezoning was granted and official approval filed
about 7 weeks later.

Plaintiff attempted consummation of the agree-
ment through a letter dated February 23, 1966, which
read:

[1] The trial court found that the parties intended the word "ex-
tended" for "expended" in the second option.

[2] Official approval of the rezoning was conditioned on the vacation
of the street and the moving of a waterline. These conditions were
fulfilled in approximately 6 weeks, and approval occurred as in-
dicated in the text.

"Please be advised that according to the terms of our option dated the 30th day of September, 1965, between yourself and Mr. Samuel M. Catsman, we wish to acquire a warranty deed for the property. As per my phone conversation of December 30 and subsequent discussions and our request of February 14, we wish to take this means to advise you that the money in the amount of $50,000 is on deposit with the escrow agent, Guaranty Title, 400 Citizens Bank Building.

"They have been instructed, upon presentation of the warranty deed, to convey the above sum to you.

"Thank you for your cooperation in this matter."

Plaintiff contacted defendant for his answer thereto and was informed by defendant that the option had expired and that he would not honor it.

The court found that the option agreement had been proved; that the plaintiff had fully tendered performance, and ordered specific performance of the September 30th option, *i.e.*, that the defendant convey the property to plaintiff forthwith by warranty deed.

In his first assignment of error, defendant alleges that there was not a timely exercise of the option.[3] The defendant, who was called as a witness for the plaintiff under the opposite party statute,[4] testified that the provision in the second option which dealt with zoning was inserted to allow time for this, and that the time was to be a reasonable time. It is settled law that parol evidence is admissible to explain the terms of a written contract wherein ambiguity exists. This explanation, elicited from the defendant, was sufficient to permit the court to find a timely exercise under the facts as outlined above. Plain-

[3] Hereinafter, when the word "option" is used in this opinion, the reference is to the September 30, 1965 option.

[4] CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161),

tiff exercised his option some 6 days prior to the official approval of the zoning. There was no error.

Defendant's second contention of error is an assertion that there was no proper tender of payment in accordance with the terms of the option, which called for the payment to be made in cash. The option did not state that tender was to accompany the exercise of the option. In such circumstances, the distinction and the construction applicable is adequately set forth in 25 Callaghan, Michigan Civil Jurisprudence, § 9, pp 10, 11:

"Where the terms of the option require that payment of the purchase money, or a part thereof, accompany the election to exercise the option, such provision must ordinarily be complied with; on the other hand, its terms may merely require that notice be given of the exercise of the option and leave the matter of the payment of the purchase money to be thereafter settled as in the case of the ordinary executory contract of sale. In the first instance payment is a condition precedent to the creation of a contract. In the second, it is a condition subsequent to creation."

The third issue raised by defendant is an assertion that plaintiff failed to establish an acceptance or exercise of the option in proper form and content. Here defendant contends that the letter of February 23, 1966, was defective in that the defendant employed the plural "we" and "our" rather than the singular "I" therein. This is a clear example of a distinction without a difference and it merits no further consideration by us.

Affirmed. Costs awarded to appellee.

QUINN and GILMORE, JJ., concurred.