## SIERADZKI INVESTMENT CO. *v.* McNALLY

## (SIERADZKI INVESTMENT CO. *v.* TEXAS TOWNSHIP)

1. CONTRACTS—PROPERTY—OPTION TO PURCHASE—ACCEPTANCE OF OPTION.

   Acceptance of an option to purchase property converts the option into a contract to sell the property.

2. SAME—EQUITY—SPECIFIC PERFORMANCE—PURCHASE OF LAND.

   Unconditional tender of the purchase price by the vendee is necessary before specific performance of a contract to sell land can be had.

3. VENDOR AND PURCHASER—EXERCISE OF OPTION—SPECIFIC PERFORMANCE—DELAY IN PERFORMANCE—ZONING ORDINANCE—CANCELLATION OF CONTRACT.

   Where option to purchase real property gave optionee right to void option or the contract arising by reason of acceptance of the option, if prior to the consummation of the purchase he was unable to obtain amendments to the zoning law acceptable to him, and where he accepted the option in anticipation of a favorable amendment but refused to make payment of the purchase price as provided in the option, insisting that the escape provision permitted him to withhold payment until the amendment should have been adopted, the purchaser was not entitled so to withhold payment, and his failure to pay within a reasonable time after demand relieved vendor from any obligation to perform the contract.

Appeal from Kalamazoo, Fox (Raymond W.), J. Submitted Division 3 November 15, 1968, at Grand

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Specific Performance § 117; 55 Am Jur, Vendor and Purchaser § 43.

[2, 3] 49 Am Jur, Specific Performance § 143 *et seq.*

Rapids. (Docket Nos. 4,804, 4,805.) Decided December 31, 1968.

Complaint by Sieradzki Investment Co., Mack Trucks of Kalamazoo, Inc., and Clifford R. Meek against Texas Township, a municipal corporation, for declaratory judgment that certain provisions in defendant's zoning ordinance are unconstitutional and against George L. McNally and Patricia McNally for specific performance of a contract to sell land, the cases being consolidated for trial and appeal. Judgment for defendants McNally. Plaintiffs appeal. Affirmed.

*Poppen, Street & Sorenson,* for plaintiffs.

*Donald A. O'Toole,* for defendants.

Per Curiam. Plaintiff, Sieradzki Investment Co., specializes in the purchase, development, leasing and sale of expressway properties. Defendants-appellees, the McNallys, own 240 acres of farm land lying southwest of the intersection of Interstate Highway I–94 and Ninth street in Texas township, Kalamazoo county, Michigan.

On February 10, 1965, the McNallys granted plaintiff an option to purchase 90 acres of the McNally land. This option was extended to September 10, 1965, in consideration of payments totalling $6,000. Plaintiff had interested the Meek-Mack Truck Company of Fort Wayne, Indiana, in purchasing 12 acres of the land for $32,000; the plan being to develop the land as a site for a new truck sales and service facility.

During the time the first option was in effect, plaintiff made a formal request for an amendment to the existing zoning ordinance of Texas township

so that it could pursue the plan of creating a truck service center. Part of the desired rezoning was accomplished by an ordinance adopted August 9, 1965, but the amendment necessary to permit a truck sales and service facility was not adopted.

Since plaintiff only wanted to use the land for a truck sales and service center, it refused to exercise the option; instead the parties created a new option on September 10, 1965, for an additional $14,000 consideration which gave plaintiff the option to purchase the land for $230,000 until March 10, 1966.

The option provided that actual tender of deed by the seller was not required nor was actual tender of the purchase price by the purchaser. The relevant portion of the option reads as follows:

"Actual tender of the purchase price by the purchaser or tender of deed by the seller shall not be necessary, and neither party shall be in default until after written demand for performance shall have been made by the other party.

"Provided, however, that if prior to the consummation of said purchase, purchaser is unable to obtain proper zoning authorizations, ordinances and/or permits satisfactory to purchaser from the proper authorities to conduct purchaser's business upon said premises, including the razing of existing improvements if desired by purchaser, or if said ordinance or permit, if obtained, shall be revoked, or if purchaser shall be restrained or enjoined from conducting purchaser's business thereon, or if pursuant to the soil tests as hereinafter provided, the soil or ground is not suitable for the construction of improvements for the conduct of purchaser's business thereon, this option, or the contract arising by reason of the acceptance of this option, may at the election of purchaser, become null and void and purchaser shall be relieved of all liability thereunder."

It was conceded on trial that the language of the option precluded plaintiff from recovering the $14,000 paid under the second option as well as the $6,000 paid for the first option.

The crux of the matter is that plaintiff felt confident that the Texas township zoning ordinance would soon be amended and wished to put off exercising the option to purchase until the favorable amendments passed. Plaintiff decided to act on March 9, 1966, and sent a letter to defendants exercising the option. On March 25, 1966, the Texas township zoning board met and amended the ordinance. The amendments permitted the use of the said land for truck sales and repair, but it required that all trucks be stored indoors. Plaintiff felt that this amendment was not satisfactory. On July 19, 1966, 4 months and 10 days after plaintiff wrote the letter exercising the option, the McNallys made a written request of plaintiff for payment of the money due. Plaintiff has failed to tender or pay the money to complete the transaction.

Action was brought by plaintiff against Texas township on August 16, 1966, and against defendants, August 22, 1966. The two cases were consolidated for trial and tried on October 12, and 13, 1967. The trial court held that the clause permitting plaintiff to escape the contract if the zoning ordinance was not favorably amended, did not extend the time within which plaintiff reasonably could have performed. The trial court concluded that upon plaintiff's acceptance of the option, a reasonable time existed to give full performance after all other provisions of the agreement had been carried out by defendant. The trial court found in favor of the McNallys because it concluded that it was not reasonable to force defendants to wait for payment until plaintiff obtained favorable zoning.

Because the trial court concluded that plaintiff had no right to specific performance and thus no interest in the McNally's land, the trial court had no need to pass on the question of the constitutionality of the zoning ordinance. In the words of the trial court:

"In view of the foregoing decision, it is the opinion of this court that it has no jurisdiction in the case of *Sieradzki Investment Company* v. *Texas Township*, and that complaint may be dismissed, and an order to this effect will be signed upon presentation."

Plaintiff appealed from the decision of the trial court on December 18, 1967.

Because of the conclusion reached herein, it is necessary to state only the following issue of those raised by plaintiff on appeal: Does the contract between the parties permit plaintiff to wait until favorable zoning is obtained before tendering the agreed purchase price to defendants?

The parties herein, plaintiff and the McNallys agree that when plaintiff gave notice exercising the option a contract arose between them. They also agree that until defendant made demand some 4 months and 10 days after plaintiff exercised the option, defendants were under no obligation to tender the purchase price. However, from this point the parties are in disagreement.

Plaintiff contends that the same conditions which would have permitted it to escape the option, continued after acceptance of the option as conditions which when met established the time when payment could reasonably be tendered. Thus a reasonable time for tendering the agreed purchase price to defendants would be whenever plaintiff procures favorable zoning. The trial court took note of the

fact that plaintiff had pressed for favorable zoning "about as fast as can be expected." Defendants argue that plaintiff is not entitled to specific performance because it is in default, a reasonable time for tendering the agreed purchase price having passed since defendant made demand.

Plaintiff's acceptance of the option converted it into a contract—an agreement by plaintiff to purchase and by defendants to sell the property. 91 CJS, Vendor and Purchaser, § 13, p 863. The relevant cases presented by plaintiff (*American Oil Company* v. *Carey* [ED Mich, 1965], 246 F Supp 773; *Chatham Amusement Co.* v. *Perry* [1960], 216 Ga 445 [117 SE2d 320]; *Lewis* v. *Brown* [Tex Civ App 1959], 321 SW2d 313) state in their facts and holdings that unconditional tender of the purchase price by the vendee must be made before specific performance will issue. The same rule appears in *Reinink* v. *Van Loozenoord* (1963), 370 Mich 121 and *Standard Oil Co.* v. *Murray* (1921), 214 Mich 299 (where a delay in tendering the purchase price was accountable to defendants' failure to furnish a suitable abstract as agreed), and *Catsman* v. *Eister* (1967), 8 Mich App 563.

Plaintiff's case with reference to a reasonable time to act, *Megal* v. *Kohlhardt* (1960), 11 Wis 2d 70 (103 NW2d 892) is distinguishable in that plaintiff therein delayed 7 months in tendering the purchase price *after* obtaining favorable zoning. Plaintiff herein has still to obtain favorable zoning. The escape clause of the option (see the relevant portion set forth, *supra*) between the parties does not expressly provide for an extension of time within which plaintiff may perform. Plaintiff has no right under the terms of the contract to keep defendants "on the hook" indefinitely. Plaintiff's failure to obtain favorable zoning, expected at the time of

exercising the option, cannot now be interpreted to hold open its ability to purchase defendants' property. Plaintiff had a reasonable time after defendants made demand to tender the purchase price. Any other conclusion would be inequitable as to defendants' ownership and illogical as to their contract with plaintiff.

The trial court's determination that it was not reasonable to force defendants to wait for payment until plaintiff obtained reasonable zoning was proper.

Affirmed. Costs to defendants-appellees.

HOLBROOK, P. J., and T. G. KAVANAGH and MCINTYRE, JJ., concurred.