UNITED STATES HEAT & POWER CORPORATION *v.*
LACHMAN.

1. CONTRACTS — CONSTRUCTION — "SATISFACTION CONTRACTS"—PRO-
VISION FOR TEST NEGATIVES BUYER'S CLAIM TO ARBITRARILY
REJECT.

   A contract for an oil heater which provided for payment
   "when installation is completed and equipment is sub-
   mitted to a satisfactory test," when considered in con-
   nection with the guaranty and service agreement on the
   reverse side of the contract, providing for a joint test
   in case the heater proved unsatisfactory, does not fall
   within the class of "satisfaction contracts" allowing the
   buyer to arbitrarily reject the goods purchased if un-
   satisfactory.[1]

2. MECHANICS' LIENS—OIL HEATER—WHERE TEST SHOWS HEATER
EFFICIENT SELLER ENTITLED TO DECREE.

   In a suit to enforce a mechanic's lien on an apartment
   house for the purchase price of an oil heater installed
   therein, which defendant had removed and refused to pay
   for because he claimed it used too much fuel, plaintiff
   was entitled to a decree on a showing that, if managed
   according to instructions, the heater would do the work it
   was represented it would do.[2]

Appeal from Wayne; Shepherd (Frank), J., presid-
ing. Submitted January 12, 1926. (Docket No.
113.) Decided June 7, 1926.

Bill by the United States Heat & Power Corporation
against Sol P. Lachman and others to foreclose a
mechanic's lien. From a decree dismissing the bill,
plaintiff appeals. Reversed, and decree entered for
plaintiff.

*A. F. Freeman,* for plaintiff.

*Rhodes, Garvett & Frankel,* for defendants.

[1]Sales, 35 Cyc. p. 225; [2]Mechanic's Liens, 40 C. J. § 683.

BIRD, C. J.    Plaintiff is the successor of the firm of Marion & Moyer, who sold and installed a Universal Oil Burner for defendant Lachman in his apartment, in the city of Detroit.    The contract was made on a printed blank, and in the space left for a statement of the consideration there was inserted in writing the following clause:

"$500 to be paid when installation is completed and equipment is submitted to a satisfactory test.    Balance to be paid in ninety days," etc.

On the reverse side of the contract is what is named a "guaranty and service agreement," which contains the following clause:

"Marion & Moyer guarantee that this device, when operated according to printed instructions supplied by the manufacturer, will on actual test operate efficiently and heat the user's premises to a temperature of 70 degrees Fahrenheit with weather conditions as low as zero Fahrenheit, if user's radiation is adequate.    If within sixty days after the device is first put in operation they receive notice by registered mail that on the user's test the device fails to do this, then they will make a joint test with the user, or his appointee, over a period of 24 hours, and if the device on either test shows that the same will operate efficiently and heat the user's premises as aforesaid, then said test shall be considered successful and the above guaranty fulfilled and the user shall accept the device and installation.    If the joint test fails, they, if notified by registered mail within three days after the joint test, shall at their own expense detach and remove the burner and standard equipment," etc.

When installed and in operation, defendant Lachman refused to pay, on the ground that it burned too much fuel, and threatened to remove the apparatus. Plaintiff then filed a claim of lien on the premises and a bill to enforce the lien, and obtained an injunction forbidding a removal of the plant until the further order of the court.    Subsequently the apparatus was

removed, in violation of the injunction.  The matter went to a hearing, and the chancellor was of the opinion that, while the defendant had failed to establish a defense on the merits, the contract came within the class of our "satisfaction contracts," and, therefore, he dismissed the bill.  Both parties are agreed that there is but one question before this court, and that is whether the contract should be ruled by our "satisfaction cases."

The case of *Wood Reaper & Mowing Machine Co. v. Smith,* 50 Mich. 565 (45 Am. Rep. 57), lays down some rules helpful in determining whether it comes within one class or another:

"The cases where the parties provide that the promisor is to be satisfied, or to that effect, are of two classes; and whether the particular case at any time falls within the one or the other must depend on the special circumstances and the question must be one of construction.

"In the one class the right of decision is completely reserved to the promisor and without being liable to disclose reasons or account for his course, and a right to inquire into the grounds of his action and overhaul his determination is absolutely excluded from the promisee and from all tribunals. * * * The cases of this class are generally such as involve the feelings, taste or sensibility of the promisor, and not those gross considerations of operative fitness or mechanical utility which are capable of being seen and appreciated by others.  But this is not always so.  It sometimes happens that the right is fully reserved where it is the chief ground, if not the only one, that the party is determined to preserve an unqualified option, and is not willing to leave his freedom of choice exposed to any contention or subject to any contingency. * * *

"In the other class the promisor is supposed to undertake that he will act reasonably and fairly, and found his determination on grounds which are just and sensible, and from thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial

triers.    Among the cases applicable to this class are *Daggett* v. *Johnson,* 49 Vt. 345; and *Hartford Sorghum Manfg. Co.* v. *Brush,* 43 Vt. 528."

A consideration of the contract and its subject-matter in connection with the guaranty and service agreement on the reverse side of the contract lead us to the conclusion that it does not come within the so-called "satisfaction contracts."    In the *Wood Case* cited, the contract provided that it should be of no effect unless the machine works to the purchaser's satisfaction.    In the instant case the language is: "Payment is to be made when installation is completed and equipment is submitted to a satisfactory test." In the one case the question as to whether the machine is satisfactory is referred to the purchaser's mental processes.    In the other case it is referred to a satisfactory test to determine its efficiency.    If it had been understood that defendant might say arbitrarily, without giving any reason therefor, that the heating apparatus was unsatisfactory, there would have been no necessity for providing for a test by defendant, and afterwards a joint test in the event it did not heat the building properly.    We think the words "satisfactory test" have reference to the mechanical fitness and capacity to do the work intended it should do, and represented that it would do.    When this was shown we think the contract was complied with.

In discussing this subject, Ruling Case Law observes:

"For example, if one agrees to sell land with a satisfactory title, and shows a title valid and complete, the parties must have intended such a title to be satisfactory, rather than to leave an absolute right in the purchaser to say 'I am not satisfied,' when no reason could be shown why he should not be satisfied.    So, if one agrees to do work in a satisfactory manner, it must mean a workmanlike manner—as well as it would be expected to be done—rather than to give a merely personal or whimsical right of rejection.    It is this

class of cases to which the term 'reasonably satisfactory' applies. The promisor is supposed to undertake that he will act reasonably and fairly, and found his determination upon grounds which are just and sensible, and from thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it is open to consideration and subject to the judgment of judicial triers." 6 R. C. L. p. 954.

See, also, *Duplex Safety Boiler Co.* v. *Garden*, 101 N. Y. 387 (4 N. E. 749, 54 Am. Rep. 709); *Doll* v. *Noble*, 116 N. Y. 230 (22 N. E. 406, 15 Am. St. Rep. 398).

It was the claim of the defendant that the heating apparatus consumed too much oil. It was the claim of the plaintiff that the excess oil was used because of the habit of the tenants of leaving the steam on around 80 degrees and opening the windows, and because the building was not entirely finished. We are inclined to agree with the chancellor that the heating apparatus, if managed according to instructions, would do the work that it was represented it would do. Defendant's testimony plainly shows that he was in no mental attitude to give the apparatus a fair test himself, or demand a joint test, as the guaranty provided. We think plaintiff was entitled to have its claim of lien enforced.

The decree of the trial court may be reversed and one entered in accordance herewith, with costs to the plaintiff.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.