SMITH *v.* AUDITOR GENERAL.

APPEAL AND ERROR—INSUFFICIENT APPENDIX—REMAND—DEDICATION
OF STREETS IN PLAT.

> Cause, involving determination of whether dedication of street in
> plat has been accepted by public authority, is ordered continued
> and determined on and in accordance with directions given for
> taking certain proofs, where joint appendix presented is too
> vague and factually indefinite for proper determination of such
> question (Court Rule No 72, § 1 [1945]).

Appeal from Crawford; O'Keefe (Dennis J.), J. Submitted January 3, 1962. (Docket No. 21; Calendar No. 49,019.) Decided March 19, 1962.

Petition by Louise Smith and others against Frank S. Szymanski, Auditor General of the State of Michigan, and others for partial vacation of plat to eliminate lake-front road. Petition dismissed. Plaintiffs appeal. Remanded for further testimony and proceedings.

*Harry T. Cook,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Warren R. Snyder,* Assistant Attorney General, for defendant and for intervening defendant Attorney General, *ex rel.* Gerald E. Eddy, Department of Conservation.

*Miltner & Miltner (Charles H. Miltner,* of counsel), for defendant Crawford County Road Commission.

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error §§ 1210, 1211.

Per Curiam. It appearing that the primary question in this case is whether the dedication of "Portage Lake drive," made in 1901 by the plat entitled "First Addition to Portage Lake Park," has been legally accepted by public authority, and it appearing further that the joint appendix is too vague and factually indefinite for proper determination of such question, the Court refers to Court Rule No 72, § 1 (1945), and orders that the cause be continued and determined on and in accordance with the following terms:

1. The record on appeal is remanded to the Crawford county circuit court for the taking of additional proof showing:

(a) Whether any record of the Crawford county road commission definitely discloses that public funds were expended at any time on the involved portions of Portage Lake drive;

(b) Whether any record of the county road commission, made since 1937, discloses definitely that the involved portions of Portage Lake drive have been resolved by the commission as being or having been taken over as a part of the county road system. The circuit court will refer to the form of resolution shown in *Rice v. Clare County Road Commission,* 346 Mich 658, 664, and will ascertain, if possible, why Portage Lake drive was excluded from the scope of the road commission's resolution (defendants' exhibit "A") of 1937.*

(c) Whether any record of the county road commission, made prior to institution of the present proceeding, discloses that the commission reported to any other public authority that said Portage Lake drive, identified by name or otherwise, was or had

---

* This exhibit is the resolution of the road commission determining that certain "streets and alleys in the townships of Frederic and Grayling be and the same are hereby determined to be a part of the county road system." The resolution excludes "Portage Lake drive" and includes by specific designation other streets and alleys of the plat.

become a maintained and worked public way.

2. Upon receipt of such additional proof the trial judge will prepare and file a supplemental opinion and, upon the whole record, will enter a new judgment of the merits, granting or denying plaintiffs' statutory application and setting aside, if such is indicated, the present judgment. The entire record may then be certified to this Court for submission and determination of such reviewable questions as may then appear. Whether the preparation and printing of a new appendix or appendices becomes necessary may be determined on motion following such certification.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH and ADAMS, JJ., took no part in the decision of this case.