TITCHENAL v. JACKSON & CHURCH CO.

APPEAL AND ERROR—REMAND—SUPPLEMENTAL FINDINGS—COMMISSIONS.

Action for unpaid commissions under an employment contract is remanded for taking of further testimony and supplemental findings determinative from whole record of agreement the parties did reach and whether the agreement contemplated the right to terminate the contract without payment of commissions on sales for which plaintiff claimed to be the procuring cause, which supplemental findings are to be certified to the clerk of the Supreme Court to be reviewed with the original record.

Appeal from Arenac; O'Keefe (Dennis J.), J. Submitted February 3, 1965.  (Calendar No. 36, Docket No. 50,530.)  Decided April 9, 1965.

Declaration by Harry U. Titchenal against Jackson & Church Company, a Michigan corporation, for alleged unpaid commissions under an employment contract. Judgment for plaintiff. Plaintiff appeals, claiming additional commissions. Remanded for further proceedings and supplemental findings

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 971, 974.

thereon, which shall be certified to the clerk of the Supreme Court for disposition of this case.

*McCauley & Anderson* (*Francis W. McCauley,* of counsel), for plaintiff.

*McGraw, Allen, Haass & Selander* (*J. David Owens,* of counsel), for defendant.

PER CURIAM. This case is similar to *Reed* v. *Kurdziel,* 352 Mich 287. Like questions are brought up for review. They call (a) for judicial identification of the oral and sharply disputed undertakings of the parties, and (b) for judicial determination whether plaintiff was the "procuring cause" of certain sales that were made by defendant shortly after it discharged him. The findings below having been found unsatisfactory as a basis for resolution of such questions, we conclude that remand is in order for further proceedings.

In *Reed* the plaintiff's suit was for an accounting to secure sums due as commissions on sales. Judge Boardman decided that the plaintiff was the "procuring cause" of the sales in question and granted him a money decree for commissions as claimed. Judge O'Keefe, in this suit at law for recovery of commissions brought on the same theory, granted the plaintiff judgment in the total sum of $3,242.08. Plaintiff's contention, based on his construction of whatever agreement the parties did reach, was and now is that he should have judgment in a much greater amount.[*] He has appealed.

---

[*] The concluding section of plaintiff's brief states the "relief" to which he conceives himself entitled:

"This court should order judgment for the plaintiff and appellant for the full amount of his claim, to-wit: 5% on $238,491.98 of shipment made subsequent to termination, September 30, 1961, plus $601.12 due on shipments made prior to termination."

The essence of Judge O'Keefe's opinion appears as follows:

"There is testimony in this case, that when the question of reorders and renewals were discussed, the witness George Beck, president of the defendant company testified as follows: 'I told him [meaning the plaintiff] I wanted no squatters rights, that there would be no automatic renewals, that he would be paid this 5% on work he actually procured, and this is of course in any manufacturing organization.'

"The court does not have a written agreement or contract of employment to refer to, and can go merely on the testimony of the parties. The burden of proof is upon the plaintiff to prove by a preponderance of the evidence, that he was to receive a commission on reorders and renewals, and that has not been proven to the satisfaction of the court."

The testimony of defendant's president, thus accepted by the trial judge, is susceptible of the several contradictory meanings found in the briefs and uncovered further upon oral argument. The expressions "no squatters rights," "no automatic renewals," and "work actually procured," arguably support plaintiff's contention that he was the procuring cause of at least the Ford Motor order for shipment which Ford issued to the defendant two days after the latter gave notice of termination to plaintiff, just as they arguably support defendant's contention that the notice of termination concluded plaintiff's right to commissions on orders for shipment not theretofore released by Ford.

As in *Smith* v. *Auditor General,* 366 Mich 165, the case will be remanded for the taking of further testimony and for supplemental findings determinative from the whole record of the agreement the parties did reach, and determinative further of question whether the agreement contemplated the termination

right for which defendant contends, or contemplated the "procuring cause" theory upon which plaintiff relies.

A transcript of such further testimony, and a copy of such supplemental findings, will be certified to our clerk, at which time the original record will be returned to him. Thereupon the Court will proceed to review and decide the stated and counter-stated questions as briefed.

Unless subsequently ordered, no printing of a supplemental appendix need be made. Further briefs of the parties, typewritten with copies for all members of the Court, may be submitted within 30 days next following filing of the supplemental record and return of the original record.

Remanded accordingly. Costs will abide the final result.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.