## ARNONE v. CHRYSLER CORPORATION.

1. CONTRACTS—ORAL AGREEMENT—FINDINGS OF FACT.

    Findings of fact by trial court that defendant's agent was authorized to enter into an employment contract with plaintiff, that the parties did enter an oral contract by which plaintiff took supervisory job with agreement that he could return to nonsupervisory work and be reinstated in bargaining unit with same seniority status and accumulated benefits as though he had remained in nonsupervisory work, and that the terms of such contract were definite enough to permit enforcement, *held*, supported by the record, particularly testimony of defendant's agent, and, not being clearly erroneous, are not disturbed by Court of Appeals (GCR 1963, 517.1).

2. LABOR RELATIONS—SUPERVISORS—COLLECTIVE BARGAINING.

    The national labor relations act does not require that persons bargaining for supervisory positions do so collectively, nor does it require that a dispute over wages arising out of a supervisor's employment contract be made subject to the grievance procedure provided by a collective bargaining agreement between an employer and his nonsupervisory employee (29 USC § 164[a]).

3. SAME—SUPERVISORS—GRIEVANCE PROCEDURE.

    Plaintiff complaining of breach of employment contract making him a supervisor, with provision that if he returned to nonsupervisory job he would be reinstated in his former bargaining unit with seniority and accumulated benefits

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2] 31 Am Jur, Labor §§ 103, 288.
[3] 31 Am Jur, Labor § 123 *et seq.*
[4, 6] 22 Am Jur 2d, Damages § 26 *et seq.*
[5] 17 Am Jur 2d, Contracts § 324 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error § 1014.

as if he had not left bargaining unit, *held*, not obligated to exhaust grievance procedure set forth in collective bargaining agreement between his employer and his union, the contract of employment as supervisor not being part of the collective bargaining agreement.

4. CONTRACTS—BREACH—PROSPECTIVE DAMAGES.

Prospective damages can be recovered for a breach of contract so vital as to amount to a total breach but cannot be recovered for partial breach of an entire contract or for a breach of a part of a divisible contract, such damages as may accrue in the future being left to later suit if there are further breaches of the contract.

5. SAME—EMPLOYMENT—BREACH OF DIVISIBLE CONTRACT.

Contract by which employer made employee a supervisor and agreed that if employee returned to nonsupervisory job he would be reinstated in bargaining unit, breached by failure of employer to pay employee, after his return to nonsupervisory job, at the rate he would have received had he not left the nonsupervisory job, was divisible, the failure to pay at the proper rate being a separate breach each time employee was paid.

6. SAME—DIVISIBLE—PROSPECTIVE DAMAGES—JUDGMENT.

Judgment of trial court awarding plaintiff prospective damages for breaches of divisible employment contract to occur in future, as well as damages for breaches which had already occurred, *held*, amended to eliminate future damages, and affirmed as to past damages.

7. COSTS—NEITHER PARTY PREVAILING—PROSPECTIVE DAMAGES FOR BREACH OF DIVISIBLE CONTRACT.

No costs are awarded on appeal by employer from judgment of trial court awarding damages for breach of employment contract, which included prospective damages, where judgment is reversed as to prospective damages and affirmed as to past damages, neither party prevailing in full.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 1,317.)   Decided March 14, 1967.

Complaint by Christopher Arnone against Chrysler Corporation, a Delaware corporation, for

amounts due on employment contract. Judgment for plaintiff. Defendant appeals. Affirmed in part, reversed in part.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip (W. Gerald Warren, Charles G. Nickson,* and *A. William Rolf,* of counsel), for defendant.

J. H. GILLIS, J. Plaintiff, Christopher Arnone, an employee of defendant, Chrysler Corporation, was a member of a bargaining unit[1] of the United Automobile Workers. In 1957 plaintiff was offered a supervisor's position with the defendant. Acceptance of the offer would normally result in loss of seniority rights. Plaintiff contends that during the negotiations for this new position with Mr. Breslin, the defendant's agent, the parties agreed that plaintiff could return to his bargaining unit at any time and enjoy the same status as though he had not left the bargaining unit. Defendant contends that plaintiff's main concern was his seniority rights, and that to this extent the agreement, as claimed by plaintiff, is correct but that there was nothing said about wages. Plaintiff accepted defendant's offer and took the supervisory position.

In 1958 the defendant and the union negotiated a new contract setting up revised job classifications. Those employees in the bargaining unit doing the same work that plaintiff had previously performed were to receive a higher rate of pay, called a red circle rate.[2]

---

[1] A group of employees which may be a craft unit, a plant unit or a subdivision thereof, banded together for the purpose of bargaining wages and/or benefits with the employer.

[2] Red circle rate is a term which identifies a rate of pay which is specifically designated, usually for an incumbent, in a job

On September 28, 1959, plaintiff elected to return to his former position but when he returned in 1959 he did not receive the red circle rate. Plaintiff was not listed in this classification.

The trial court found that plaintiff and defendant, through its agent, did in fact enter into an enforceable contract in 1957 and that this contract was breached when plaintiff returned to his former position and did not receive the red circle pay. The court rendered judgment for plaintiff in the amount of $9,920.84.

On appeal, defendant raises several issues, the first of which pertains to the findings of fact made by the trial court, to-wit:

(1) That the defendant's agent was authorized to enter into an employment contract with the plaintiff.

(2) That a contract was made between the parties which provided that upon plaintiff's return to the nonsupervisory position he would be reinstated to the bargaining unit with the same seniority status and accumulated benefits as though he had remained in the unit.

(3) That the terms of the contract were definite enough to permit enforcement thereof.

An examination of the transcript, and in particular the testimony of Mr. Breslin, discloses that these findings are supported by the record, are not "clearly erroneous," and, therefore, will not be disturbed by this Court. GCR 1963, 517.1.

The defendant next contends that any binding agreement for wages or other terms of employment must be made on behalf of the plaintiff by the union, and, therefore, any dispute involving wages must

classification which was established by the UAW and Briggs Manufacturing Company before the absorption of Briggs by Chrysler in December, 1953,

be made subject to the grievance procedure as contained in the 1958 collective bargaining agreement entered into between the defendant and the union.

The national labor relations act[3] does not require that persons bargaining for supervisory positions do so collectively,[4] nor does it require that disputes over wages arising out of a breach of the instant contract be made subject to the grievance procedure as set forth in the collective bargaining agreement between an employer and his nonsupervisory personnel. Therefore, defendant's contention that plaintiff should have exhausted the grievance procedure as set forth in the 1958 collective bargaining agreement between the defendant and the UAW is without merit.

Defendant's final contention on appeal is that the trial court erred in awarding plaintiff damages for both past and future losses. The general rule in regard to future damages is stated in 22 Am Jur 2d, Damages, § 29, pp 49, 50:

"Prospective damages * * * can be recovered when there is a total breach of a promise which has formed the consideration for an entire and indivisible contract. * * * When the breach is not total or when the breach affects only a portion of a divisible contract, prospective damages cannot be recovered. Thus, if the breach of an entire contract is only partial, the plaintiff can recover only such damages as he has sustained, leaving prospective damages to a later suit in the event of further breaches."

---

[3] 29 USC § 164(a)—Reporter.

[4] Prior to 1947 the national labor relations act did provide for collective bargaining for supervisory personnel. In 1947 the labor management relations act (Taft-Hartley act) was passed. This act amended the national labor relations act so as to counteract the recognition of supervisor's unions. Since the passage of this amendment, supervisory personnel are free to contract individually with the employer. For a discussion of this topic, see the annotation entitled Effect of Taft-Hartley act exclusion of supervisors as employees under national labor relations act, 40 ALR2d 415.

The contract in the instant case was breached when plaintiff returned to the bargaining unit and received a rate of pay that was less than the rate he would have received had he not taken the supervisory position. Each time the plaintiff received a sum less than the red circle rate, the defendant breached its promise to him and a cause of action accrued for that deficiency.

Thus, the contract involved in the instant case is divisible. Since the contract is divisible, plaintiff can maintain an action on any deficiency when it accrues. Therefore, he is not entitled to a judgment which included future damages.

Remanded to the trial court for the entry of an amended judgment consistent with this opinion. No costs, each party having prevailed in part.

LESINSKI, C. J., and HOLBROOK, J., concurred.