INSURANCE COMPANY OF NORTH AMERICA *v.* IROFF.

1. APPEAL AND ERROR—FINDINGS OF FACT.
   Court of Appeals does not substitute its judgment for that of the trial court and does not reverse except where the findings of fact are clearly erroneous (GCR 1963, 517.1).

2. TRIAL—JUDGE—FINDINGS OF FACT.
   Court rule requires the trial judge, sitting without a jury, to "find the facts specially and state separately its conclusions of law thereon" (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 702.
[2]  53 Am Jur, Trial §§ 1131–1134.
[3, 4]  5 Am Jur 2d, Appeal and Error §§ 839, 842–845.
[5]  5 Am Jur 2d, Appeal and Error § 1023.

3. Same—Fact Finders—Conjecture—Speculation.

Court of Appeals and the Supreme Court have always prohibited conjecture or speculation on the part of fact finders.

4. Bailment—Findings of Fact—Speculation.

Finding of fact by trial judge as to manner in which accident at defendant's car wash happened so as to damage plaintiffs' car with dual accelerator, unsupported by any evidence in the record and contradicted by undisputed testimony of defendant's own witness, *held*, speculative, requiring reversal of judgment for defendant and remand for finding in writing of specific factual determinations by trial judge based on existing record or on additional testimony (GCR 1963, 517.1).

5. Costs—Reversal on Appeal—Further Proceedings.

Costs of appeal in case where judgment for defendant on counterclaim is reversed and case is remanded for further proceedings in which the trial court may make findings of fact based on existing record or on additional testimony, are to be taxed by appellant 20 days after judgment is entered in trial court.

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J.   Submitted Division 1 June 5, 1967, at Detroit.   (Docket No. 1,938.) Decided December 7, 1967.

Declaration by Insurance Company of North America, subrogee of Herman and Julia Kanter, and Herman and Julia Kanter, against Lou Iroff, doing business as Scrub & Brush Auto Wash, for damages to plaintiffs' car which allegedly were caused by the negligence of defendant's attendant.   Defendant counterclaimed for damage to the interior of the car wash.   Judgment of no cause of action on plaintiffs' claim and judgment for defendant on the counterclaim.   Plaintiffs appeal.   Reversed and remanded.

*Alexander, Buchanan & Conklin,* for plaintiffs.

*Bashara & Bashara,* for defendant.

J. H. GILLIS, J.   Herein we relate the unfortunate incidents which led to the fastest car wash in history.

Mr. and Mrs. Kanter owned a 1964 Oldsmobile sedan equipped with a mechanically linked dual accelerator arrangement.   One accelerator pedal was in the ordinary location; the other was located to the left of the brake pedal.   On the morning of May 11, 1965, Mrs. Kanter drove the automobile to the Scrub & Brush Auto Wash and turned the vehicle over to one of the attendants in the customary manner.

But a few minutes afterward, while Mrs. Kanter was in the customer area inside the car wash, she heard a man yell and looked about to find her car proceeding through the building at a high rate of speed, engine roaring, and careening out of control from wall to wall.   The attendant who took the car from Mrs. Kanter was behind the wheel all during this sensational auto wash.   A wall at the far end of the wash line served finally to halt the vehicle's motion.

The Kanters (and their insurance carrier as subrogee) sued the car wash for damage to the auto allegedly caused by the negligence of the attendant. Defendant counterclaimed for damage to the interior of the car wash alleging that Mrs. Kanter negligently failed to notify defendant or his employees of the unusual dual accelerator arrangement and further failed to advise that the second gasoline pedal would stick, and further that because of such negligence on the part of Mrs. Kanter, the defendant suffered the resultant damage.

The trial judge, sitting without a jury, entered a no cause of action on plaintiffs' $523.89 claim and entered a judgment on the counterclaim in the amount of $965.83.   Plaintiffs appeal.

It is well known that this Court does not substitute its judgment for that of the trial court and we do

not reverse except where the findings of fact are clearly erroneous. GCR 1963, 517.1. *Arnone* v. *Chrysler Corporation* (1967), 6 Mich App 224; *Haltom* v. *Burleson* (1967), 6 Mich App 89. This is properly such a case for reversal.

The entire opinion of the trial judge is repeated here:

"The court finds that the cause of this accident was the failure of Mrs. Kanter to apprize the defendant's employee of the unusual condition in the motor vehicle in question, namely, the presence of two accelerator pedals, one on each side of the car, with the brake pedal in the middle.

"I don't think it's idle speculation to say that probably what happened here was that the driver, who works in a car wash place, wearing boots, as he attempted to bring the car to a stop, as he touched the brakes, simultaneously touched the left accelerator. As a result the car shot forward.

"The court finds that this failure on the part of Mrs. Kanter to apprize the defendant's employee of the unusual condition of this vehicle was negligence on her part.

"The judgment, therefore, is no cause on the plaintiffs' declaration. Defendant may recover on the counterclaim. The amount there is $965.83."

While quite frankly the conclusion reached by the trial judge seems plausible, there is not an iota of evidence in the record that defendant's attendant was wearing boots. Moreover, the conclusion that the attendant's foot touched the left accelerator is in distinct conflict with the undisputed testimony of the attendant himself:

"*Q*. Is it not a fact, Mr. Bolden, that your foot, your left foot, was on the left accelerator which you thought in fact was the brake?
"*A*. No, sir, * * *

"*Q*. At anytime did you have your foot on the left accelerator, thinking it was the brake?

"*A*. No, I didn't.   *   *   *

"*Q*. In other words, the left accelerator doesn't give you any problem when you go in the car and start with the right hand side; the left accelerator is not in your way, is it?

"*A*. No, it wouldn't be in the way, no.   *   *   *

"*Q*. Mr. Bolden, it is possible for a person's foot, if you were operating that car, with his right foot for the gas in normal fashion and the left foot on the brake, is it possible for someone to slip over on the left accelerator?

"*A*. No, it's not.

"*Q*. It's not possible to do that?

"*A*. No, you wouldn't. If your feet [foot] would slip off the brake, it would be on the floor; it wouldn't be on the accelerator.

"*Q*. There's enough space in between there—

"*A*. (Interposing) That's right."

Additional testimony of Mr. Bolden disclosed that he didn't see the dual accelerator pedal when he got in the car and had no knowledge of its existence until after his wild ride had terminated.

The difficulty of review of this relatively brief record is the lack of recorded factual findings and conclusions of law by the trial judge. While conceivably the trial judge may have disbelieved the attendant's testimony, he has assigned no reasons for such a conclusion—yet his opinion is in obvious disregard of such testimony. Further, the plaintiffs assert the presumption of negligence in their favor arising from the bailment of their automobile and its return in a damaged condition.* No findings on the plaintiffs' case were made below. If the trial judge did choose to disregard the attendant's testimony, what facts did the trial court find to exist to

---

* Codified by CL 1948, § 256.541 (Stat Ann 1960 Rev § 9.1721).

rebut the presumption of negligence arising from the bailment?

GCR 1963, 517.1, requires the trial judge, sitting without a jury, to "find the facts specially and state separately its conclusions of law thereon."

This Court and the Michigan Supreme Court have always prohibited conjecture or speculation on the part of fact finders. *Genesee Merchants Bank & Trust Company* v. *Payne* (1967), 6 Mich App 204; *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417.

Having pointed out what we consider to be the infirmities of the proceedings below, we remand the case for entry of judgment consistent with this opinion. We leave it to the trial judge, however, on remand, to file a written opinion of his specific factual determinations. The court should determine what weight it will give to Mrs. Kanter's testimony that the accelerator system was in good operational order when she drove the car up to the car wash, and the testimony of the man in charge of the shop that repaired plaintiffs' auto, who stated that he examined the vehicle after it was brought into his shop both before the repairs were made and after they were completed and found the brakes and the dual accelerator pedals in good operational order. The trial court may make findings of fact based on the existing record or by the taking of additional testimony. *McCarty* v. *Mercury Metalcraft Company* (1964), 372 Mich 567; *Ingram* v. *City of Saginaw* (1965), 1 Mich App 36; *Marcus* v. *Busch* (1965), 1 Mich App 134; *Zitomer* v. *Kelmenson* (1965), 375 Mich 206; and *Titchenal* v. *Jackson & Church Co.* (1965), 375 Mich 281.

After a review of the court's findings the court may, based on such findings and conclusions of law, enter a judgment on behalf of the plaintiffs or the

defendant, or may enter a no cause of action as to each of the parties.

Costs of this appeal shall be taxed by the prevailing party in this Court 20 days after judgment is entered in the common pleas court.

McGREGOR and THORBURN, JJ., concurred.