LEIGHTON v. LEIGHTON.

1. CONTRACTS—PERFORMANCE—SATISFACTION.

Contracts which are to be performed to the satisfaction of 1 of the parties fall in 2 classes: (1) where the personal taste, feeling, sensibility, fancy, or individual judgment of the party to be satisfied are especially involved; (2) where mechanical utility or operative fitness in relation to which some standard is available are bargained for.

2. SAME—OPERATION OF FARM—SATISFACTION OF OWNER.

Contract with defendant owners of farm, parents of plaintiff, by which plaintiff agreed to come and operate an orchard farm on shares with defendants for an indeterminate period until the deaths of defendants, and to sell his home in Illinois and invest the proceeds in the property farmed, and in exchange defendants agreed to leave the property to plaintiff by their joint will, *held*, not to be a contract of the class in which plaintiff had to perform to the personal taste, feeling, sensibility, fancy, or individual judgment of defendants, where the contract provided that plaintiff would devote himself to properly caring for the farm in a husband-like manner and according to approved horticultural methods.

3. SAME—FORFEITURE.

The law does not favor forfeitures in contracts and in order for forfeiture to be recognized an agreement must contain clear and unequivocal language requiring it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts §§ 366, 367.
[3] 17 Am Jur 2d, Contracts § 499.
[4] 17 Am Jur 2d, Contracts § 446.
[5] 57 Am Jur, Wills § 192 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 831.
[7] 17 Am Jur 2d, Contracts § 11; 49 Am Jur, Specific Performance § 34 *et seq.*
[8] 27 Am Jur 2d, Equity § 15.

4. SAME—BREACH—TERMINATION.
 A party to a contract has a right to terminate it for a material breach but his judgment is not final and is subject to judicial determination of whether the claimed breach is a material one.

5. SPECIFIC PERFORMANCE—CONTRACTS—OPERATION OF FARM—EVIDENCE.
 Finding of fact by trial court that plaintiff son had substantially operated farm in accord with written contract whereby parents, agreed to leave farm to him upon death of survivor *held*, amply supported by evidence adduced in son's action for specific performance.

6. APPEAL AND ERROR—QUESTION OF FACT—CREDIBILITY OF WITNESS.
 The Court of Appeals will not substitute its judgment for that of the trial judge who had the opportunity to observe witnesses and who had the responsibility of testing their credibility in the determination of a disputed question of fact.

7. CONTRACTS—SPECIFIC PERFORMANCE—MUTUALITY OF REMEDY.
 Mutuality of remedy is not required for a party to obtain specific performance of a contract.

8. SPECIFIC PERFORMANCE—CONTRACTS—EQUITY—CONTINUING JURISDICTION.
 Judgment of trial court granting specific performance to a plaintiff who had agreed to operate a farm until the end of defendants' lives, in exchange for devise of the farm to him by the defendants' will, and enjoining conveyance by defendants of part of the farm to a third person, should properly contain a provision retaining jurisdiction of the matter for further action as equity may require.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted Division 3 December 7, 1967, at Grand Rapids. (Docket No. 2,806.) Decided March 28, 1968.

Complaint by Clyde Leighton against Curtis A. Leighton and Edith R. Leighton for specific performance of a contract. Counterclaim by defendants for rescission. Judgment for plaintiff granting specific performance and dismissing counterclaim. Defendants appeal. Affirmed, as amended.

*Glenn Aylsworth,* for plaintiff.

*Running & Wise,* for defendants.

HOLBROOK, P. J.  Plaintiff-appellee, Clyde Leighton, brought an action against his parents, Curtis and Edith Leighton,. defendants-appellants, for performance of a written contract between the parties. The trial court, sitting without a jury, issued an order requiring defendants to perform their part of the contract and restraining them from conveying any portion of the premises, the subject of the contract.  The court denied defendants' counterclaim for rescission.

The following statement of facts by the trial court is supported by the evidence:

"Plaintiff, now 49 years of age, is the only son of defendants.

"He resided, with his parents, on the land in question until he was about 18 years of age.  About 1940 he went to Rockford, Illinois to work.  Defendant Curtis A. Leighton also went to Rockford, Illinois, to work, in 1944, in a factory, but because of high blood pressure he wanted to return to his home farm in Michigan, which is the land in question in this case.  He thereupon persuaded plaintiff to give up his gainful employment and sell his home in Rockford, Illinois, and return with him to Michigan and reside in defendants' home and work the farm on shares of the crops.  This was under an oral agreement, but was afterward reduced to writing and executed by the parties hereto on the 13th day of December, 1949.  The terms are:

" 'Agreement

" 'This agreement, made this 13th day of December, 1949, by and between Curtis A. Leighton and Edith Leighton, husband and wife, of Peninsula township, Grand Traverse county, Michigan, of the

first part, and Clyde Leighton, also of said Peninsula township, Grand Traverse county, Michigan, of the second part, WITNESSETH:

" 'Whereas, first parties are the owners as tenants by the entireties of the following described parcels of real estate situated in the township of Peninsula, county of Grand Traverse, and State of Michigan, to-wit:

(*here follows the description of the land*)
together with the farm implements and machinery located thereon, and,

" 'Whereas, first parties desire that the operation of the farm premises above described be undertaken by second party.

" 'Now, therefore, it is mutually agreed as follows:

"Second party [plaintiff] hereby undertakes the operation of the farm premises above described beginning on the date hereof and ending at the date of the death of the survivor of first parties [defendants].

" 'The compensation of second party shall be one-third of the net annual income produced by said farm premises and the devise and bequest of the said farm premises together with machinery and implements thereon to him by a proper last will and testament effective upon the date of the death of the survivor of first parties.

" 'Second party agrees to operate said farm premises in a husbandlike manner and in accordance with approved horticultural methods, and the said Curtis A. Leighton shall be the sole and only judge as to whether or not second party properly operates said premises.

" 'All of the parties hereto shall be entitled to remain in possession of said premises and to occupy the same.

" 'Said premises, farm machinery and implements shall be kept in a good state of repair, the cost of which shall be construed as a proper operational expense.

" 'Second party shall not assign or otherwise transfer any of his rights of the agreement without the written consent of the parties of the first part.

" 'The covenants, conditions and agreements, made and entered by the several parties hereto, are declared binding on their respective heirs, representatives and assigns.

" 'First parties shall have the right to encumber said premises as security for indebtedness, and such encumbrance shall constitute a lien prior and senior to this agreement.

" 'In witness hereof, the parties have hereto set their hands and seals the day and year first above written.'

"(Signatures)

"Prior to reducing the agreement to writing in 1949, the defendants had fulfilled a portion of the oral agreement, by executing a last will and testament, dated February 10, 1947, as follows:

" 'LAST WILL AND TESTAMENT
"OF

" 'CURTIS A. LEIGHTON AND EDITH R. LEIGHTON

" 'I, Curtis A. Leighton, and I, Edith R. Leighton, do hereby make and publish this our LAST WILL AND TESTAMENT, jointly bequeathing and devising each to the other all real and personal property owned by either of us at the time of the death of either of us.   The surviving testator is to become beneficiary under this will to all real and personal property of the deceased testator.

" 'The surviving testator of this will, either Curtis A. Leighton or Edith R. Leighton, devises by this will all real and personal property in his or her possession at the time of death as follows:

"First: The executor hereinafter named is hereby directed to pay all of the just debts, expenses of last illness, funeral expenses, and administration expenses of the testators in full.

"Second: To our son, Clyde Leighton, our farm located in Peninsula township, Grand Traverse

county, Michigan, which is more particularly here-inafter described together with all livestock, machinery and equipment used in connection therewith: (Land described)   *   *   *

"Fifth: We hereby appoint the said Clyde Leighton, executor of this last will and testament. "Dated: February 10th, 1947.'

"(Signatures)

"Plaintiff used the money he received from the sale of his Rockford, Illinois property to remodel the house on defendants' land, so that both families could reside therein. He also used part of the money for the purchase of necessary farm tools and equipment. Plaintiff did most of the remodeling work, except the plastering of some of the rooms.

"Defendant Curtis A. Leighton is now 83 years of age, and has at all times kept the books of account showing the receipts and disbursements under the terms of the written agreement.

"In 1947, with the approval and financial assistance of the defendants, the plaintiff purchased a truck and performed trucking business to supplement the income for the parties hereto.

"In 1955, or thereabouts, the plaintiff, with the approval and encouragement of the defendants purchased a farm to further supplement the income of the parties, inasmuch as all the parties hereto had agreed between themselves that the 25 [acre] orchard farm plaintiff was getting from defendants did not furnish adequate support for the two families.

"The plaintiff did, in fact, operate the farm of defendants as agreed upon, by the oral agreement as well as the written agreement, for upwards of 21 years, under the supervision and direction of defendant Curtis A. Leighton.

"It appears by the testimony that plaintiff did not prune the fruit trees in the fall of 1963, because defendant Curtis A. Leighton directed him to forego that type of work at that time so that he could and would use the time in the building of quarters for

fruit pickers, as well as a building to house the farm tools and implements. However the proofs further show that plaintiff pruned the fruit trees before and afterward [sic] the fall of 1963.

After signing the written agreement dated December 13, 1949, as shown above, plaintiff consented to the placing of a mortgage on the land and premises by defendants, as was permitted by said agreement. Plaintiff however joined in the making of such mortgage and promissory note as security for the loan, and plaintiff is legally liable for the balance remaining unpaid on the loan.

"In October of 1965 defendants, without the knowledge or consent of plaintiff, entered into an agreement with two individuals to sell a portion of the land and premises described in the written agreement, and which in equity belongs to plaintiff. The written agreement of the parties hereto, quoted above, did not give defendants the right to sell any part of the described land and premises.

"Thereafter and on the 5th day of November 1965, defendants served on plaintiff a notice which he calls a notice of termination of the contract, above described. Said notice is as follows:

" 'Traverse City, Michigan
" 'November 5, 1965

" 'Mr. Clyde Leighton
" 'Northport, Michigan
" '*Dear Clyde:*

" 'As I am sure you will recall, on December 13, 1949, we entered into an agreement with you for the operation of our farm as located in sections 10 and 11, Peninsula township.

" 'You at that time agreed in return for commitments by us that you would operate the farm "in a husbandlike manner and in accordance with approved horticultural methods."

" 'Because you have failed completely to live up to your agreement to properly operate this farm, please be advised that we no longer feel ourselves bound in any manner by the provisions of said

agreement with you.  You are accordingly informed that we consider this agreement to be null, void and of no further effect.'

"(Signatures).

\* \* \*

"There is no question about the validity of the contract between the parties hereto.

"The agreement gives second party, Curtis A. Leighton, only the right to say how the farm shall be operated.

"Failure of plaintiff to meet the notions of defendant Curtis A. Leighton as to what is, or what is not farming in a husbandlike manner, is not a condition or circumstance that would give authority to breach or rescind the agreement.  The language 'Curtis A. Leighton shall be the sole and only judge as to whether or not second party properly operates said premises' only gives him the right to suggest the type of workmanship to be done on the farm. It is merely directional in character.

"Nowhere in the agreement can it be found that a disagreement between the parties as to workmanship on the farm is a ground or reason for rescission of the contract.

"Plaintiff has performed all the requirements of the contract under the supervision of Curtis A. Leighton, one of the defendants.

"Plaintiff entered into possession of the property about 21 years ago.  He has spent money in remodeling the house thereon.  He has purchased farm tools and equipment for use on the farm, all with defendants knowledge, consent and encouragement.  Therefore the contract between the parties, and their execution thereof, created a vested interest in the land, in plaintiff.  CL 1948, § 554.13 [Stat Ann 1957 Rev § 26.13].

"The foregoing are findings of fact in this case."

Defendants appeal raising 3 questions for review, restated as follows:

(1) Did Curtis A. Leighton and Edith R. Leighton, under the provisions of the contractual agree-

ment, making Curtis A. Leighton the sole and only judge as to whether or not Clyde Leighton properly operated the Leighton farm, have the right to terminate the agreement between the parties?

(2) Does the evidence support the factual finding of the trial judge that the farm was operated properly by plaintiff in accord with the contract?

(3) Is an employment relationship which is personal in nature and which calls for constant interaction between the parties specifically enforceable as prayed for by the plaintiff?

Defendants contend that the contract between the parties makes defendant Curtis Leighton the sole judge of the adequacy of plaintiff's performance. In Michigan we have 2 classes of satisfaction contracts. These are defined in *Isbell* v. *Anderson Carriage Co.* (1912), 170 Mich 304, 312, 313 as follows:

"there is recognized two quite well-defined classes— one where the personal taste, feeling, sensibility, fancy, or individual judgment of the party to be satisfied are especially involved; the other where mechanical utility or operative fitness in relation to which some standard is available are bargained for."

In determining which of these 2 classes the Leighton contract comes within we are required to consider all of the circumstances surrounding the contract. Among these are the following: defendants requesting their son to come and operate a 25-acre orchard farm on shares for an indeterminate period of years until their death; at the time the son and his family were located in Illinois, and the agreement required him to sell his home, invest the proceeds in the property (subject of the contract) and to devote himself to properly caring for the farm in a husbandlike manner and according to approved horticultural methods. It is unbelievable that under

these circumstances, and where a recognized stand-ard of performance is provided for in the contract for plaintiff to meet, that the contract could be termed of the class whereby defendants have a right to exercise a decision based solely upon "personal taste, feeling, sensibility, fancy, or individual judgment." This determination will square with the intention of the parties as is shown from their operating under the contract for some 21 years without difficulty until defendants desired to sell a small part of the property for a large sum of money.

We conclude that the Leighton contract is within the second class of satisfaction contracts. The performance by plaintiff in accord with the standards set forth in the agreement, if in fact present, cannot be defeated by a decision of defendants based upon caprice or motivated by a desire to be relieved of the contract terms. Defendants' decision "in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial triers." *United States Heat & Power Corporation* v. *Lachman* (1926), 235 Mich 75, 77; *Wood Reaping & Mowing Machine Company* v. *Smith* (1883), 50 Mich 565.

We also consider it significant that the parties to the contract nowhere in the written agreement specify that defendant Curtis Leighton had the right to terminate the agreement even if he determined in his own judgment that his son had not operated the farm in accordance with approved horticultural methods and in a husbandlike manner. Under the circumstances in this case where plaintiff expended considerable sums of money and performed valuable labor over a period of many years in reliance of the contract being performed by the defendants, it was not error for the trial court to refuse to insert a forfeiture clause into the contract. Our law does not favor forfeitures and in order for a forfeiture

to be recognized an agreement must contain clear and unequivocal language requiring it. *Bilandzija v. Shilts* (1952), 334 Mich 421, 425, 426; *Howard v. Hughes* (1940), 294 Mich 533, 538; *Hersey Gravel Co. v. Crescent Gravel Co.* (1933), 261 Mich 488, 492; *Tierney v. McKay* (1925), 232 Mich 609, 619, 620; *Bonham v. Northwestern National Insurance Co.* (1925), 230 Mich 349, 353.

Defendant Curtis Leighton has a right to terminate the contract for a material breach, but his judgment is not final. It is subject to judicial determination as to whether the alleged breach is a material one permitting a termination of the contract. *United States Heat & Power Corporation v. Lachman, supra.*

In disposing of defendants' second question we conclude that the findings of fact of the trial judge determining that the plaintiff had substantially operated the farm in accord with the terms of the contract is amply supported by the evidence. This was a disputed issue with testimony given on both sides. We do not substitute our judgment for that of the trial judge who had the opportunity to observe the witnesses and who had the responsibility of testing their credibility. *Greenbaum v. Citizens Federal Savings and Loan Association of Port Huron* (1966), 5 Mich App 121.

In support of defendants' position as to the third question, defendants assert that there is no mutuality of remedy and therefore the contract is not subject to specific performance. "Mutuality of remedy is no longer required for specific performance in Michigan." *American Oil Company v. Carey* (ED Mich, 1965), 246 F Supp 773, 774, 775. In *Reinink v. Van Loozenoord* (1963), 370 Mich 121, the Michigan Supreme Court stated as follows at pp 124, 125:

"In considering whether a contract for the sale of land may be decreed to be specifically enforced, a distinction should be made between mutuality of remedy and mutuality of obligation. The early view was that specific performance would not be available to one party unless that remedy was also available to the other party. 49 Am Jur, Specific Performance, § 35. In *Reo Motor Car Co.* v. *Young* (1920), 209 Mich 578, that rule was rejected by this Court as presently having little force."

In view of the nature of the subject contract and the indeterminate length of time remaining for performance, we deem it proper and advisable that the judgment of the trial court contain a provision retaining jurisdiction for further action as equity may require. *Winchell* v. *Mixter* (1946), 316 Mich 151, 166, 167.

Affirmed as amended. Costs to plaintiff.

BURNS and J. H. GILLIS, JJ., concurred.