### ARNOLD v CAPPON

BOUNDARIES—MISSING MONUMENTS.

Registered surveyor's testimony in an action to determine the location of an alley that he had found six of the seven original monuments noted on the recorded plat of the area in dispute, that he was unable to locate the monument which, according to the plat, existed at the center of the alley, but that he had found a depression in the ground which indicated to him that the monument at that location must have been recently removed, and that he had no difficulty in relocating the alley from the six monuments which he had, was sufficient to support plaintiff's claim as to the location of the alley and render the court's finding that the metes and bounds descriptions of the plat must have been inaccurate clearly erroneous.

Appeal from Barry, Richard Robinson, J. Submitted Division 3 January 5, 1972, at Grand Rapids. (Docket No. 10871.) Decided May 1, 1972.

Complaint by Herbert S. Arnold and Arietta M. Arnold against William Cappon to determine proper location of a private alley separating the parties' lots and for injunctive relief. Judgment of no cause of action. Plaintiffs appeal. Reversed.

*Noble O. Moore,* for plaintiffs.

*Siegle & Hudson,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
12 Am Jur 2d, Boundaries §§ 70, 71, 101.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. This case involves a dispute over the proper location of a private alley which separates lots owned by the parties. The case was heard by the court sitting without a jury. The trial court's opinion sets forth the nature of the case, together with findings of fact, and conclusions of law with respect thereto. That opinion stated:

"Plaintiffs are the owners of Lot 21, Block F, of Pleasant Shores Addition which borders Thornapple Lake. Defendants and counterclaimants are the owners of Lot 3 in the same block. The two lots are separated in the original plat by an alley 15 feet wide (Plaintiffs' Exhibit 1). Plaintiffs installed a wire fence along the line which forms what they contend to be the south line of their lot and the north line of the alley. Defendant removed the fence, contending that the true north line of the alley and thus also the true south line of plaintiffs' lot lies somewhat to the north of plaintiffs' fence and is represented by the broken lines portrayed on the survey (Plaintiffs' Exhibit 2). The proofs indicate that the alley as established on the ground is north of the fence constructed by plaintiffs and is in fact represented by the broken lines on the survey. The surveyor who prepared Plaintiffs' Exhibit 2 testified that following the plat metes and bounds descriptions requires locating the north line of the alley along the line followed by plaintiffs' fence. He further testified that although he found the other plat monuments, he was unable to find the monument which according to the plat should be at the center of the alley where it intersects the center of Webster Drive which drive is the west boundary of plaintiffs' Lot 21. The surveyor did find an iron stake in the ground at approximately the point where the alley as constructed intersects Webster Drive, but he did not believe it was a monument because after digging down two to three inches he didn't find the concrete in which it should have been encased.

"The testimony of defendant's witnesses is persuasive of the fact that the alley has for years and does today follow the broken line on the survey. Defendants, however, made no serious claim of prescriptive rights ac-

quired in an improperly located alley, but contend that it is correct according to the plat. Having determined that the alley is physically situated where defendants claim it to be, one is forced to the conclusion that the iron stake located by the surveyor in Webster Drive is in fact a plat monument marking the center of the alley and that the metes and bounds descriptions of the plat are in error.

"Judgment of no cause for action may enter as to plaintiffs' complaint, and judgment may enter granting only the injunctive relief requested by the defendants, they having submitted no proofs as to damages, with costs to defendants."

The sole issue raised by plaintiffs on appeal is whether the trial court erred in its finding of fact that "the metes and bounds descriptions of the plat are in error".

Conflicting evidence was offered by the parties as to the origin and location of the presently-existing drive and the location of the private alley which, plaintiffs contend, lies south of the existing drive, adjacent to the wire fence which was constructed by plaintiffs and subsequently removed by defendant. Plaintiffs argued that there was no through drive connecting Webster Drive and Brott Drive (which, located east of the respective properties, runs parallel to Webster Drive in a north-south direction) in the area of the present drive until 1966. Defendant contends that such a road has existed in substantially its present location since at least 1950 and is the one envisioned by the recorded plat. Conflicting testimony was also given as to an artificial monument missing from the position calculated by reference to plat courses and distances, and as to an iron stake located approximately at the intersection of the existing drive and Webster Drive.

The record contains testimony of a registered

surveyor who conducted a survey of plaintiffs' property in 1967 and made a survey map in regard thereto. He testified that he had found six of the original monuments noted on the recorded plat of the area in question. He was unable, however, to locate the monument which, according to the plat, existed at the center of the alley as it intersects the center line of Webster Drive. It is at the location of the missing monument that plaintiffs contend the center of the alley actually lies. The testimony revealed that the surveyor did, however, find a depression in the ground which indicated to him that the monument at that location must have recently been removed and that he had no difficulty relocating the alley from the six monuments which were found.

Plaintiffs point to the absence of testimony in the record which would support a determination that the six original monuments, found by the surveyor to be located north, south and east of the missing monument, were incorrect. They claim that, by use of the recorded plat, it is possible to reestablish the missing monument by following the metes and bounds description as set forth thereon and that, as revealed by the surveyor's testimony, relocation of the missing monument would position the alley in question in the location urged by plaintiffs to be proper.

In 11 CJS, Boundaries, § 8, p 547, it is stated:

"When monuments designating the boundaries of land are obliterated and cannot be found, they are to be relocated by the field notes and plats of the original survey. * * * "

It has been held that if monuments establishing any given points as platted can be found, such monuments will furnish starting points to aid in

arriving at a true boundary where the same is in question. *Brudin v Inglis,* 121 Mich 410 (1899). In the instant case, the surveyor hired by plaintiffs to survey their lot found all but one of the monuments shown on the plat. He testified as to the proper location of the missing monument as measured from the existing monuments.

It is true that this Court does not reverse a trial court's determination except when the findings of fact are clearly erroneous. GCR 1963, 517.1; *Insurance Co of North America v Iroff,* 9 Mich App 151 (1967). However, we are of the opinion that in the instant case the proofs established the proper location of the missing monument to be as claimed by plaintiffs and that, upon a thorough review of the record, the court committed error in finding that the metes and bounds descriptions of the plat were erroneous.

Reversed. Costs to plaintiffs.