CACAVAS v ZACK

1. APPEAL AND ERROR—NON-JURY TRIAL—FINDINGS OF FACT—COURT RULES.

A trial judge sitting without a jury must determine the facts specially and state separate conclusions of law based on those determinations; failure of the trial judge to do so need not be raised by the parties on appeal because of the fundamental nature of the issue and the necessity of clear and complete findings by the trial judge for proper appellate review (GCR 1963, 517.1).

2. CONTRACTS—SATISFACTION—OBJECTIVE STANDARD—REASONABLE DISSATISFACTION.

A contract calling for specifications to be approved by the plaintiff and containing a standard of performance by defendant on "as good as or better than before" is a "satisfaction" contract that is measured by an objective or "reasonable man" standard, and the trial court must determine the reasonableness of plaintiff's dissatisfaction with the specifications; if it is found to be unreasonable the defendant may be excused from performance where the plaintiff has refused to accept the specifications for a sufficient length of time.

3. DAMAGES—SALESMAN'S COMMISSION—UNCONTEMPLATED EXPENSE.

A party cannot recover a commission paid or promised to a salesman or broker for securing a contract, since this expense was incurred before the contract was made, and was therefore not contemplated by the parties.

4. DAMAGES—ADJUSTER'S FEE—VALUE CONFERRED—BREACH OF CONTRACT.

Damages awarded defendant licensed public adjuster for the fee due under a contract for the adjustment of a loss to plaintiff's building must be with regard to the value the adjustment

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 844.

[2] 17 Am Jur 2d, Contracts §§ 366, 367.

[3] 17 Am Jur 2d, Contracts §§ 1–8, 18 *et seq*.

[4] 22 Am Jur 2d, Damages §§ 47, 48.

conferred on the plaintiff, unless the plaintiff is found to have breached the contract, and then the damages due the defendant are his expenses, regardless of the benefit to the plaintiff.

Appeal from Wayne, David C. Vokes, J. Submitted Division 1 June 23, 1972, at Detroit. (Docket No. 12451.) Decided September 28, 1972.

Complaint by Peter Cacavas and Dorothy Cacavas against Sanford Zack, doing business as Manufacturers Construction Company, and Robert Hystler, doing business as Northern Fire Adjusters, for breach of contract to repair their fire-damaged home. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

Peter Cacavas and Dorothy Cacavas, *in propria persona.*

*Samuel A. Kayne,* for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and McGREGOR, JJ.

PER CURIAM. Plaintiffs sued defendant Manufacturers Construction Company for breach of a contract to repair their fire-damaged home. In addition, plaintiffs sought rescission of their contract with defendant Northern Fire Adjusters, which contract provided that defendant Northern would negotiate with plaintiffs' insurance company and adjust plaintiffs' fire losses. The case was tried without a jury. From a verdict of no cause of action, and judgments for both defendants on their counterclaims, plaintiffs bring this appeal *in propria persona.*

Plaintiffs' home was damaged by fire on February 8, 1967. On the same day, they signed a contract with Manufacturers Construction Com-

pany to repair the damage. The contract provided, in pertinent part, that Manufacturers would restore the property "to as good a condition or better than existed before the fire, for the amount of the adjusted claim. The owner, the undersigned, is not to be liable for anything in excess of the insurance check. The owner is to approve specifications before work is started." The contract gave Manufacturers authority to have all fire loss adjusted by a licensed public adjuster without cost to the plaintiffs.

The next day plaintiffs signed a contract with Northern Fire Adjusters to adjust their fire loss for a fee of 10%. The "10%" was circled, and an "X" was placed under it. The meaning of these marks was disputed at trial, plaintiffs contending that they were meant to delete the 10% fee, and defendants that they were meant to emphasize that the fee would be no greater than 10%. The issue was complicated by the fact that the contract with Manufacturers stated that "all fire losses" would be adjusted without cost to the plaintiffs, while the contract with Northern referred to adjustment of claims from the same fire for a fee of 10%.

Defendants offered proof that the contracts were separate, the first referring to fire loss to real property only, and the second to personal property, and that plaintiffs had been fully apprised of the distinction, and that the 10% fee referred only to adjustment of personal property losses. Plaintiffs contended that the contracts should be read together, and the resulting ambiguity resolved in plaintiffs' favor, and denied that they had been informed of the real and personal property distinction.

The trial court found that the two contracts

were separate, and allowed defendant Northern its 10% fee for the adjustment of the personal property loss. This finding was not clearly erroneous, and therefore will not be set aside on appeal. GCR 1963, 517.1.

In connection with their claim against defendant Manufacturers, plaintiffs offered proof of excessive and repeated delays by defendant in producing the proof of loss statement and the specifications for the repair work. Plaintiffs claimed that when specifications were produced, some four months after the fire, they failed to meet the standard specified in the contract, in that they provided for the use of inferior materials in repair, and did not provide at all for repair of many damaged items. Plaintiffs protested and negotiated for changes. When they were unsuccessful, they signed the specifications, approximately two months after receiving them, and notified defendant to begin work. Defendant refused.

Defendant, on the other hand, attributed the delays in performance to plaintiffs, who refused to sign the specifications so that defendant could begin work. Defendant claimed that plaintiffs' demands were unreasonable and excessive. In August, when plaintiffs notified defendant to begin work, they did not produce a copy of the signed specifications, and refused defendant's demands for some guarantee of payment.

The trial court found no cause of action on plaintiffs' complaint, and rendered judgment for Manufacturers on its counterclaim for expenses incurred in (1) making temporary repairs; (2) salesman's commission for procuring the contract; and (3) adjustment fee owed to Northern.

In his opinion, the trial judge recited all the facts which were in dispute, noting the theory of

each side, and proceeded to his verdict without making findings on a single disputed point. Instead, he concluded that the contract had been "abandoned" by both parties, a claim not advanced by either side, and unsupported in the opinion by any findings of fact.

GCR 1963, 517.1, makes it mandatory for a trial judge sitting without a jury to "find the facts specially and state separately its conclusions of law thereon * * * ". The failure of the parties to raise this issue on appeal is not fatal, because "to ignore noncompliance with a mandatory court rule directly affecting our reviewing function, simply because the parties do not alert us to such noncompliance, would be to disregard a fundamental matter. * * * Clear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review". *Nicpon v Nicpon,* 9 Mich App 373, 376–378 (1968). See *Insurance Co of North America v Iroff,* 9 Mich App 151 (1967); *Dauer v Zabel,* 9 Mich App 176 (1967).

The contract called for the specifications to be approved by the plaintiffs, and set forth a standard which should be met, *i.e.,* the premises were to be "restored to as good a condition or better than existed before the fire". This was a so-called "satisfaction" contract; satisfaction to be measured by an objective or "reasonable man" standard, rather than the personal whim of the plaintiffs. *Leighton v Leighton,* 10 Mich App 424 (1968); *American Oil Co v Carey,* 246 F Supp 773 (ED Mich, 1965); *United States Heat & Power Corp v Lachman,* 235 Mich 75 (1926); *Walter A Wood Reaping & Mowing Machine Co v Smith,* 50 Mich 565 (1883). See 1 Restatement of Contracts, § 265, Promises Conditional on Promisor's Satisfaction, pp 380–381.

The question whether plaintiffs' dissatisfaction with the specifications was reasonable or not was crucial to the claims of both sides in this dispute, and is a fact which must be found by the trial court on remand. If it was unreasonable, the court must further find whether the delay occasioned by the plaintiffs' refusal to accept the specifications was sufficiently lengthy to excuse any further performance by defendant.

The effect of defendant's demand for additional security, not provided for in the contract, must also be determined. *Michigan Yacht & Power Co v Busch,* 143 F 929 (CA 6, 1906).

In awarding damages, the trial court erroneously included defendant's salesman's commission as an expense to be paid by plaintiffs. The rule is that a party cannot recover a commission paid or promised to a salesman or broker for securing a contract, since this expense was incurred before the contract was made, and was therefore not contemplated by the parties. *Hubbard v Epworth,* 69 Mich 92 (1888); 17 ALR2d, § 7, Expenditures Prior to Contract, p 1316.

The trial judge also awarded defendant the full expense of the fee due to Northern on the adjustment of the building loss without regard to the value the adjustment conferred on plaintiffs. Defendant should properly recover his expenses regardless of their benefit to plaintiffs only if the plaintiffs breached the contract. Otherwise, the measure of damages is the value of the benefit conferred on the plaintiffs, not its cost to the defendant. See *Burke v Gaukler Storage Co,* 13 Mich App 536 (1968). The full award to defendant of his expense in this regard was erroneous where there had been no finding that plaintiffs had breached the contract.

The failure of the trial court to comply with the mandates of GCR 1963, 517.1 requires us to set aside the judgments entered against the plaintiffs and in favor of defendant Manufacturers Construction Company, and remand the cause to the trial court for preparation and certification of findings of fact conforming with the rule. All costs will abide the final result. *Dauer v Zabel,* 381 Mich 555 (1969); *Insurance Co of North America v Iroff, supra; Nicpon v Nicpon, supra.* The judgment in favor of Northern Fire Adjusters against the plaintiffs is affirmed.